No. 2024-1515

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

TELEFONAKTIEBOLAGET LM ERICSSON,
*Plaintiff/Counterclaim Defendant-Appellee,*

ERICSSON AB, ERICSSON, INC.,
*Counterclaim Defendants-Appellees,*

v.

LENOVO (UNITED STATES) INC., MOTOROLA MOBILITY INC.,
*Defendants/Counter-Claimants-Appellants,*

LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO BEIJING, LTD., LENOVO GROUP LIMITED, MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATIONS, CO., LTD.,
*Defendants.*

Appeal from the United States District Court for the Eastern District of North Carolina, No. 5:23-cv-00569, Judge Terrence W. Boyle

## APPELLANTS' CORRECTED MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT
### (Non-Confidential Version)

Leslie Schmidt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

John C. O'Quinn
Jason M. Wilcox
William H. Burgess
Diva Hollis
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 389-5000

*Counsel for Appellants*

March 1, 2024
(*corrected March 4, 2024*)

# ATTACHMENTS

| A | February 14, 2024 Order (EDNC Dkt. No 71) |
|---|---|
| B | [Confidential] English Translation of Decision in Brazil in *Telefonaktiebolaget LM Ericsson v. Lenovo Tecnologia Brasil LTDA, et al.*, Número: 0953148-87.2023.8.19.0001, 3rd Corp. Ct. of the Capital Dist. (Index 89128394) |
| C | [Confidential] English Translation of Ericsson's Request to Expedite a Final Determination on Infringement in Brazil |
| D | Declaration of Colombian counsel and English Translation of Decision in Colombia in *Telefonaktiebolaget LM Ericsson v. Motorola Mobility Colombia S.A.S.*, Case File: 23-518825, Office for Jurisdictional Affairs of the Office of the Superintendent of Industry and Commerce |
| E | English Translation of Request to Colombian DIAN (Customs Authority) Regarding Imports by Lenovo (Asia Pacific) Limited and Motorola Mobility Colombia S.A.S. |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number**  24-1515

**Short Case Caption**  Telefonaktiebolaget LM Ericsson v. Lenovo (United States)

**Filing Party/Entity**  Lenovo (United States), Inc. & Motorola Mobility LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/01/2024

Signature:  /s/ John C. O'Quinn

Name:  John C. O'Quinn

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Lenovo (United States), Inc. | N/A | Legend Holdings Corporation |
| Motorola Mobility LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable                ☐   Additional pages attached

| | | |
|---|---|---|
| Gregory Arovas (Kirkland & Ellis LLP) | Edward C. Donovan (Kirkland & Ellis LLP) | Christopher Mizzo (Kirkland & Ellis LLP) |
| Benjamin Elacqua (Fish & Richardson P.C.) | Adam R. Shartzer (Fish & Richardson P.C.) | Raymond M. Bennett (Womble Bond Dickinson (US) LLP) |
| Jacob Steven Wharton (Womble Bond Dickinson (US) LLP) | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)    ☐   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable                ☐   Additional pages attached

| | | |
|---|---|---|
| N/A | | |
| | | |

# TABLE OF CONTENTS

MOTION TO EXPEDITE..........................................................................1

STATEMENT .........................................................................................2

RELEVANT BACKGROUND .................................................................3

    Ericsson and Lenovo Pledge to License Their 5G Patents on
        FRAND Terms.........................................................................3

    Ericsson Launches a Worldwide Litigation Campaign to
        Seek Injunctions for SEPs, to Pressure Lenovo to
        Accept its Licensing Demand Before Any Court Can
        Evaluate the Rate Against Ericsson's FRAND Pledge. .........5

    Ericsson Obtains Injunctions in Brazil and Colombia, and
        Rejects Lenovo's Offers of Security and Interim Royalty
        Payments................................................................................6

    Lenovo Moves for an Antisuit Injunction, Which the District
        Court Denies..........................................................................8

ARGUMENT .......................................................................................11

    A.     Delay Threatens Irreparable Harm to Lenovo.....................12

    B.     The Proposed Schedule Will Not Prejudice Ericsson. ..........14

CONCLUSION .....................................................................................15

---

**Rule 25.1(e)(1)(B) note re: confidential material**.

Material redacted at p. 2, 6, and 13 of the non-confidential version of the motion is a number concerning Lenovo's confidential sales figures.

Material redacted at p. 7, 11, 12 and Attachments B and C, concerns details of proceedings in Brazil, which Lenovo is forbidden by the Brazilian court to divulge publicly, and which have been treated confidentially in district court under the terms of the protective order.

---

## MOTION TO EXPEDITE

Under Fed. R. App. P. 2 and 27(a), and Fed. Cir. R. 27(a), Appellants (collectively, "Lenovo") respectfully request that the Court enter the following expedited schedule for briefing and oral argument.

| | |
|---|---|
| Appellants' Opening Brief | due March 22, 2024 [24 days after docketing] |
| Appellees' Response Brief | due May 1, 2024 [40 days after Opening Brief] |
| Appellants' Reply Brief and Joint Appendix | due May 15, 2024 [14 days after Response Brief] |
| No extensions of time for the briefs. | |
| Oral argument to be held the July 2024 sitting or the next available sitting thereafter. | |
| Under Fed. Cir. R. 27(c), Lenovo proposes that the Court order Ericsson to file its response to this motion by March 8, and Lenovo to file any reply by March 12. | |

Lenovo has discussed this motion with all parties. The Appellees ("Ericsson") oppose. As explained below, there is good cause to expedite briefing and oral argument because Lenovo is under injunctions that prejudice its rights in tribunals throughout the United States and in pending litigation abroad. A normal briefing schedule would prejudice Lenovo and threaten irreparable harm. The requested relief cannot prejudice Ericsson. The proposed schedule above gives Ericsson its full allotment of time under the Rules, but commits Lenovo to a shortened

schedule for both briefs and the appendix, and requests that the Court hold oral argument promptly and permit no extensions of time.

## STATEMENT

This appeal arises from the district court's order denying Lenovo's motion for an anti-suit injunction ("ASI"). Attachment A at 1-2. Ericsson has pledged to license its 5G standard-essential patents ("SEPs") on fair, reasonable, and non-discriminatory ("FRAND") terms. In this case, both parties have asked the district court to determine whether Ericsson breached its FRAND obligations, and Lenovo has asked the district court to determine a FRAND rate for a global cross-license between the parties to each other's 5G SEPs. It is undisputed that Ericsson's FRAND pledge is a binding contract that Lenovo may enforce, and the district court has jurisdiction over all parties and may determine a FRAND rate. Although Ericsson initiated the district-court litigation, it has since filed interfering claims in other courts all over the world. Ericsson has alleged infringement of SEPs and has obtained injunctions in Brazil and Colombia on Lenovo's 5G smartphones in those countries; in Columbia, the injunction extends to Lenovo's customers. Many of these proceedings are secret, *ex parte*, and expedited. Having enjoined Lenovo (and, in some

instances, its customers) in countries that comprise over [sales data] of its global smartphone sales, Ericsson would pressure Lenovo to accept an exorbitant license demand before any court can adjudicate the parties' contract claims.

Consistent with precedent, Lenovo asked the district court for a defensive anti-suit injunction that would prevent Ericsson from interfering with the FRAND litigation Ericsson initiated in the district court by enforcing or seeking SEP-based injunctions elsewhere. The district court denied the injunction, and Lenovo has now appealed. Lenovo respectfully requests that this Court consider this appeal on an expedited basis and render a decision as soon as practicable to prevent immediate harm to Lenovo and its customers, designed to coerce Lenovo to succumb to Ericsson's unlawful demands before a U.S. court can resolve the FRAND dispute properly before it.

## RELEVANT BACKGROUND

### Ericsson and Lenovo Pledge to License Their 5G Patents on FRAND Terms.

Ericsson and Lenovo are not competitors, but each holds 5G SEPs and each participated in the formation of the 5G standard. When the standard was established, Ericsson, Lenovo, and others pledged to

**Confidential Material Redacted**

declare any SEPs they owned, and to license the SEPs on FRAND terms. All agree that Ericsson's and Lenovo's FRAND pledges are binding contracts that each may enforce as a beneficiary. The 5G standard contains tens of thousands of families of SEPs, in countries all over the world. Without FRAND pledges, every holder of even one SEP could use the entire standard as leverage to demand holdup royalties from anyone who practices the standard.

The FRAND pledges here do not specify rates or a forum to adjudicate disputes. In practice, SEP holders and major manufacturers either negotiate a license on terms they believe to be FRAND, or they litigate to have a court determine a FRAND rate. But litigation and negotiations take time. SEP holders can exert pressure on the litigation and negotiations by filing infringement suits all over the world and seeking injunctions. A single injunction can allow the SEP holder to circumvent its FRAND pledge—by forcing the enjoined defendant to accept exorbitant royalties before an actual FRAND rate is determined. Courts in the United States and elsewhere have responded to that tactic by issuing ASIs that prevent the SEP holder from interfering with

FRAND litigation by seeking or enforcing injunctions on SEPs elsewhere while the FRAND litigation is pending.

All of that is happening here, except that the district court denied Lenovo's motion for an ASI. In October 2023, Ericsson demanded that Lenovo pay $5/unit for a license to its 5G SEPs or a "discounted" rate of 1% of net sales revenues (with other conditions not relevant to this scheduling motion). But rather than waiting for a response, Ericsson launched a worldwide litigation campaign against Lenovo that same day to pressure Lenovo to accept its demand.

**Ericsson Launches a Worldwide Litigation Campaign to Seek Injunctions for SEPs, to Pressure Lenovo to Accept its Licensing Demand Before Any Court Can Evaluate the Rate Against Ericsson's FRAND Pledge.**

Ericsson sued first in the district court in this case. It also filed complaints against Lenovo in the ITC, seeking remedies for alleged infringement of four alleged 5G SEPs (and other non-essential patents). Ericsson's district-court complaint included patent claims, and contract claims asking the court to declare that the terms of its October 2023 demand to Lenovo complied with its FRAND commitment. *See* Dkt. No. 1. If the October 2023 terms are found *not* to be FRAND, Ericsson requests that the district court "adjudge and declare a F/RAND rate for

a global cross-license between Ericsson and Defendants covering Essential Patents." *Id.* at Prayer for Relief, Part (l).

Lenovo filed counterclaims, including a declaratory-judgment claim requesting that the district court set the terms of a FRAND cross-license between the parties. Dkt. No. 29, Countercl. 3. Ericsson did not seek a preliminary injunction in the district court.

### Ericsson Obtains Injunctions in Brazil and Colombia, and Rejects Lenovo's Offers of Security and Interim Royalty Payments.

Despite claiming that it desired a FRAND determination from a U.S. court, Ericsson began seeking expedited preliminary injunctions (many in secret proceedings) in foreign jurisdictions, based on Lenovo's alleged infringement of 5G SEPs. Thus far, Ericsson has successfully enjoined Lenovo and its customers in Brazil and Colombia, which are significant markets for Lenovo, comprising over ▮sales data▮ of its mobile phones sales.[1]  In Brazil, Ericsson sought a preliminary injunction against

---

[1]    In light of Ericsson's tactics, Lenovo also filed an action in the United Kingdom to obtain a global FRAND rate that would put all disputed FRAND and SEP infringement issues to rest worldwide. UK courts have undertaken such analyses in the past—including at Ericsson's own urging—and have well-established regimes for conducting such proceedings on an interim basis. Ericsson opposed the UK court deciding any of these issues and represented its FRAND claims should

**Confidential Material Redacted**

Lenovo's Brazilian affiliates based on two alleged 5G [Allegation].  The Court entered the [Allegation] *six days later* and imposed a [Relief] of over [Relief] which is [Relief] than [Relief] Ericsson's "rack rate" offer to Lenovo.  Attachment B at 3.

In Colombia, Ericsson has filed more than twenty-five preliminary injunction actions against Lenovo's Colombian affiliates and its customers.  These proceedings are *ex parte*, and filed and conducted in secret.  Attachment D at ¶¶ 2-3, 6, 8.  Lenovo only learns the basis for Ericsson's allegations, including the patent that is being asserted, *after* an injunction issues.  *Id*. at ¶ 4.  Thus far, Ericsson has obtained four injunctions in Colombia restraining Lenovo affiliates and two Lenovo customers in Colombia.  *Id*. at ¶ 14.  Violations are punishable by fines and criminal penalties.  *Id*. at ¶ 13.  Some of Ericsson's filings in Colombia included requests for *anti-anti-suit* injunctions ("AASIs") in Colombia, which would have prevented Lenovo from seeking relief from Ericsson's conduct in any other court.  Once Lenovo notified the district

---

proceed in the district court; yet it persists in seeking foreign injunctions against Lenovo.  Lenovo has made clear it is willing to proceed in the United States, the UK, or in arbitration on a global FRAND rate determination if Ericsson will stand down on seeking foreign injunctions.

**Confidential Material Redacted**

court, Ericsson modified its AASI requests in two Colombian courts on January 31, 2024 to carve out any ruling by the district court. Dkt. Nos. 62-63.[2]

Lenovo has tried to resolve the Brazilian and Colombian injunctions, and to assure Ericsson that Lenovo will make full payment once the FRAND terms of a global cross-license are set. For example, Lenovo offered to post substantial security that would go towards the license terms decided by the court. Lenovo also offered interim royalty payments to Ericsson **(i)** in Colombia based on Ericsson's offer in recent correspondence of a royalty of 1% of the price of a phone; and **(ii)** in Brazil based on Ericsson's $5/device rate.

### Lenovo Moves for an Antisuit Injunction, Which the District Court Denies.

Ericsson rejected everything Lenovo offered. Lenovo was thus forced to ask the district court to intervene and stop Ericsson from seeking and enforcing foreign injunctions that would interfere with

---

[2] Although Lenovo has sought injunctive relief against Ericsson, it has done so only defensively. In the UK, Lenovo sought a preliminary injunction to require Ericsson to consent to a FRAND cross-license determination and to drop all injunction requests. In other cases, Lenovo's filings have made clear that it will withdraw its requests for injunctive relief if Ericsson does the same. Dkt. No. 70.

resolving the FRAND dispute Ericsson put before the district court in the first place. Lenovo relied on precedent including *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872 (9th Cir. 2012) and *Huawei Techs., Co. v. Samsung Elecs. Co.*, 2018 WL 1784065 (N.D. Cal. Apr. 13, 2018), which found ASIs should issue in nearly identical circumstances. *E.g.*, *Microsoft*, 696 F.3d at 886 (affirming that an ASI was appropriate to prevent foreign SEP litigation from "compromising the court's ability to reach a just result in the case before it free of external pressure on Microsoft to enter into a 'holdup' settlement before the litigation is complete"). Ericsson cited no contrary precedent and instead claimed those cases were no longer viable based on a subsequent district court decision that did not address ASIs.

The district court held a hearing, and denied Lenovo's motion approximately a month later.[3] The legal standard for evaluating a motion for an ASI begins with a threshold inquiry into whether **(i)** the parties are the same, and **(ii)** whether the first action is dispositive of the action to be enjoined. Attachment A at 12; *BAE Sys. Tech. Sol. & Servs.,*

---

[3] The parties agree that the court properly treated Lenovo's motion as a motion for a preliminary injunction. Attachment A at 10.

*Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 479 (4th Cir. 2018), *as amended* (Mar. 27, 2018). If these threshold requirements are satisfied, courts then consider "whether the foreign litigation would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction, or (4) where the proceedings prejudice other equitable considerations." *Microsoft*, 696 F.3d at 882; *Sing Fuels Pte Ltd. v. M/V Lila Shanghai*, 2023 WL 3506466, *2 (E.D. Va. May 17, 2023). These factors are then weighed against considerations of international comity. *Microsoft*, 696 F.3d at 881. Lenovo offered compelling proof that the ASI factors strongly favor its request for an immediate injunction.

The district court only resolved the threshold inquiry, without reaching other parts of the test. The court agreed with Lenovo that the parties were the same. But it disagreed with Lenovo's contention that this case would be dispositive of the Brazilian and Colombian actions and denied the motion on that basis. Attachment A at 15-17.

The core of the court's reasoning is at pp. 15-17 (Attachment A), and cannot be squared with *Microsoft* or *Huawei*, which both held on

10

indistinguishable facts that a breach-of-FRAND claim would be dispositive of foreign SEP-injunction actions for purposes of the ASI test.

Emboldened by the district court's ruling, Ericsson filed a petition in Brazil five days later, seeking an [Timing] ruling (in an [Timing] proceeding) regarding Lenovo's alleged [Allegation] of the two [Allegation] [Allegation] Ericsson has requested that a hearing be set this [Time Frame] Attachment C at ¶ 25.

As Lenovo's briefs will explain, there is no legitimate basis for Ericsson to seek injunctive relief, fines, and criminal penalties for SEPs, before the amount and terms of a FRAND cross-license are resolved. Because Ericsson's foreign injunctions both threaten the U.S. courts' ability to resolve the contractual issues before it in the first-filed action and risk substantial irreparable harm to Lenovo, Ericsson should be enjoined from enforcing such injunctions (or seeking such injunctions) until the FRAND license issues have been resolved by the U.S. courts.

## ARGUMENT

A motion to expedite "is appropriate where the normal briefing and disposition schedule may adversely affect one of the parties, as in appeals involving preliminary or permanent injunctions…." Fed. Cir. R. 27,

**Confidential Material Redacted**

Practice Note.  This appeal is the type that this Court's Practice Notes contemplate for expedited treatment.

## A.     Delay Threatens Irreparable Harm to Lenovo.

The district court's decision severely prejudices Lenovo, and will likely cause irreparable harm if this appeal is not expedited.  Ericsson has pursued secret requests for injunctions against Lenovo and its customers—without meaningful (or any) participation by Lenovo or consideration of the merits.  In so doing, Ericsson seeks to coerce Lenovo into accepting excessive royalty demands and abandoning Lenovo's right to a cross-license on FRAND terms.  There was no hearing, no live witness testimony, and no cross-examination in any of the Brazilian or Colombian proceedings.  Yet Lenovo and its customers are currently subject to injunctions, and risk fines and potential criminal penalties, because of the injunctions Ericsson obtained for sales of Lenovo's 5G phones in Colombia and Brazil.

The Colombian Customs Office (DIAN) has an order from a Colombian court to stop Lenovo's products at the Colombian border regardless of the importer.  Attachment E.  And in Brazil, Lenovo faces the possibility of an ▇Timing▇ ruling on ▇Allegation▇ that will result in

12

Lenovo having to ▆▆ over ▆▆ for any ▆▆ of the ▆▆. Lenovo will be irreparably harmed if it is coerced by Ericsson's foreign injunctions to drop its efforts to obtain judicial guidance on appropriate FRAND terms and to instead enter into a multi-year agreement to pay excessive SEP royalties to Ericsson.

The existing injunctions—which Ericsson is trying to escalate and multiply—threaten not only Lenovo's position in markets comprising ▆▆ of its Mobile Business Group worldwide sales, but also threaten to destroy significant manufacturing work and the jobs of numerous employees in the Lenovo Brazilian factories subject to the injunctions. None of this is consistent with Ericsson's pledge to license its SEPs on FRAND terms. All of this should superseded by the U.S. courts' resolution of the underlying FRAND dispute that Ericsson initiated before any of its foreign proceedings. Ericsson's conduct is intended to coerce settlement on non-FRAND terms, evading the U.S. courts' determination.

Ericsson cannot reasonably dispute the ongoing harm to Lenovo that delay would exacerbate, and has no basis to oppose the modest scheduling relief sought in this motion.

**Confidential Material Redacted**

**B.    The Proposed Schedule Will Not Prejudice Ericsson.**

The proposed schedule would not prejudice Ericsson.  Ericsson will receive the full 40 days under the Rules for its response brief.  *See* Fed. Cir. R. 31.   Lenovo does not ask the Court to shorten Ericsson's deadlines—only to forbid extensions and to schedule oral argument promptly, as this Court has done in numerous other expedited appeals. Only Lenovo will shoulder the burden of shortened deadlines—foregoing 38 of its 60 days for the opening brief, 7 of the 21 days for its reply brief, and all of the 7 post-reply-brief days for the joint appendix.  *See* Fed. Cir. R. 31.  Ericsson will have ample time to prepare its brief and prepare for argument.  It has no reason to oppose this motion.

## CONCLUSION

For the foregoing reasons, Lenovo respectfully requests that the

Court enter the following schedule:

| | |
|---|---|
| Appellants' Opening Brief | due March 22, 2024 [24 days after docketing] |
| Appellees' Response Brief | due May 1, 2024 [40 days after Opening Brief] |
| Appellants' Reply Brief and Joint Appendix | due May 15, 2024 [14 days after Response Brief] |
| No extensions of time for the briefs. | |
| Oral argument to be held the July 2024 sitting or the next available sitting thereafter. | |
| Under Fed. Cir. R. 27(c), Lenovo proposes that the Court order Ericsson to file its response to this motion by March 8, and Lenovo to file any reply by March 12. | |

March 1, 2024
*(corrected March 4, 2024)*

Leslie Schmidt
KIRKLAND & ELLIS
LLP 601 Lexington
Avenue New York, NY
10022 (212) 446-4800

Respectfully submitted,

*/s/ John C. O'Quinn*

John C. O'Quinn
Jason M. Wilcox
William Burgess
Diva R. Hollis
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, DC 20004
(202) 389-5000

*Counsel for Appellants*

**RULE 25.1(e)(2) CERTIFICATE OF CONFIDENTIAL MATERIAL**

This motion complies with Fed. Cir. R. 25.1(d)(1)(A) because 15 unique words are marked confidential.

*/s/ John C. O'Quinn*

**CERTIFICATE OF COMPLIANCE
WITH TYPE-VOLUME LIMITATIONS**

This motion complies with the type-volume limitations of the Federal Rules of Appellate Procedure and the Rules of this Court. The motion contains 2837 words.

*/s/ John C. O'Quinn*

**CERTIFICATE OF SERVICE**

On March 4, 2024, the corrected non-confidential version of this motion was filed by CM/ECF, and the corrected non-confidential and confidential versions were served by e-mail to the following counsel for appellees, under the parties' agreement to accept electronic service:

Nicholas Mathews (nmathews@mckoolsmith.com)
Alexander J. Chern (achern@mckoolsmith.com)
Blake Bailey (bbailey@mckoolsmith.com)
Kevin P. Hess (khess@mckoolsmith.com)
Mitch Verboncoeur (mverboncoeur@mckoolsmith.com)
Matthew P. McGuire (matt.mcguire@alston.com)
Thomas G. Walker (thomas.walker@alston.com)
John D. Haynes (john.haynes@alston.com)
Katherine M. Donald (katie.donald@alston.com)
Theodore Stevenson (ted.stevenson@alston.com)

*/s/ John C. O'Quinn*

# Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00569-BO

|  |  |  |
|---|---|---|
| TELEFONAKTIEBOLAGET LM ERICSSON | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| LENOVO (UNITED STATES), INC.; LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD.; LENOVO BEIJING, LTD.; LENOVO GROUP, LTD.; MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION CO., LTD; and MOTOROLA MOBILITY, LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | O R D E R |
| LENOVO (UNITED STATES), INC., and MOTOROLA MOBILITY, LLC, | ) ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| TELEFONAKTIEBOLAGET LM ERICSSON, ERICSSON AB, and ERICSSON INC. | ) ) ) ) | |
| Counterclaim-Defendants. | ) | |

This matter is before the Court on Defendants and Counterclaim-Plaintiffs Lenovo (United

States), Inc. ("Lenovo US") and Motorola Mobility LLC's motion for temporary restraining order

and anti-suit injunction. [DE 35]. Lenovo US and Motorola Mobility seek an anti-suit injunction

prohibiting Plaintiff and Counterclaim-Defendant Telefonaktiebolaget LM Ericsson from enforcing injunction orders issued in foreign jurisdictions.

The motion for TRO and anti-suit injunction has been fully briefed. The Court held a hearing on 11 January 2024 in Elizabeth City, NC, where Ericsson, Lenovo US and Motorola Mobility were represented by counsel. The motion is ripe for decision. For the following reasons, the Court denies Lenovo's motion for an anti-suit injunction.

## BACKGROUND

Lenovo and Ericsson are major players in the mobile telecommunications industry.[1] Their patent portfolios comprise domestic and international patents implemented into cellphones and other cellular network applications. For over a decade, the parties have negotiated towards a global cross-licensing agreement that would allow Lenovo and Ericsson to implement the other's essential patents into their devices. Recent negotiations have focused on patents essential to the 5G network. They have not proved fruitful, and the parties have taken their dispute to the courts. And not only in the Eastern District of North Carolina but also Brazil, Colombia, and the United Kingdom.

Now, Lenovo moves for an anti-suit injunction to prevent Ericsson from enforcing injunction orders it obtained against the sale of Lenovo products in foreign jurisdictions, particularly Colombia and Brazil. Because the parties are bound together by a common commitment to industry practices, understanding those commitments and their implications is essential to resolving the instant motion.

---

[1] As the caption makes clear, Lenovo and Ericsson are multinational corporations comprising domestic and international subsidiaries and affiliates. Throughout this Order, the Court will refer to Lenovo and Ericsson collectively deviating only where there is a meaningful distinction between the various subsidiaries and affiliates.

The Court ventures to say that most consumers are unaware, perhaps blissfully so, of the inner workings of cellular networks. One of the features that most take for granted is the ability to send and receive text messages, e-mails, and phone calls regardless of who manufactured the device, who designed its operating system, and which carrier facilitates their network connection. This seamless interconnectivity has a technical term: interoperability.

Interoperability is the result of technical standards set by private organizations, organizations known, aptly, as standard development organizations ("SDOs"). The standards govern how cellular devices access the cellular network by setting forth the technical specifications that act like a blueprint for manufacturers and network operators. The European Telecommunications Standards Institute, a foremost SDO in the telecommunications industry, helped promulgate the 3G, 4G, and 5G standards through its participation in the 3rd Generation Partnership Project ("3GPP"). Both Lenovo and Ericsson are members of the ETSI. When the ETSI and other members of the 3GPP set standards, they often incorporate patented technology created by members of the SDO. A patent that is selected to be part of the standard is known as a standard essential patent. What makes the patent essential is the impossibility of complying with the standard without infringing on that patent.

Standards do more than just facilitate interoperability. Standards are good for the consumer because they also lower costs and increase price competition. *Microsoft*, 696 F.3d 876. Standards are great for patent holder because they contain the seeds of disproportionate market power. Once a standard has been accepted by the market, the patent holder is positioned to extract high royalties from those who wish to implement the SEPs. If the implementer wants to offer products connected the latest and best technology, they have a choice: The implementer can license the essential patent from the patent holder at the terms set by the patent holder, or the implementer can infringe on the

3

essential patent and risk a patent infringement lawsuit. *See HTC Corp. v. Telefonaktiebolget LM Ericsson*, 12 F.4th 476, 481 (5th Cir. 2021).

To combat such an imbalance, known as "patent holdup," many SDOs tip the scales towards equipoise by imposing conditions on essential patents. *Id.* The ETSI's IP rights policy checks anti-competitive behavior by securing voluntary commitments from the owners of would-be essential patents to license their patents on fair, reasonable, and non-discriminatory terms ("FRAND"). Specifically, Clause 6.1 of the IP rights policy requires the patent holder to commit to "an irrevocable undertaking in writing that it is prepared to grant irrevocable licenses on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions . . . [which] may be made subject to the condition that those who seek licenses agree to reciprocate." Comp. ¶34. [DE 1]; Countercls. ¶24, [DE 29]. This commitment undercuts the patent holder's ability to engage in anti-competitive behavior. Companies seeking to license the essential patents become third-party beneficiaries of the contract between the essential patent holder and the ETSI, ensuring that they will be able to license the essential patent at a FRAND rate. *HTC*, 12 F.4th at 481.

This commitment to offer a FRAND rate, powerful as it may be, binds ETSI members to a goal while leaving how to get there up to the patent holders and implementers. That is, the patent holder is required only to offer license terms that are FRAND. How the parties arrive at those terms and what it takes to hammer out a deal is left for the parties to determine. *See* Adam Mossoff, *Patent Injunctions and the FRAND Commitment: A Case Study in the ETSI Intellectual Property Rights Policy*, 38 Berkeley Tech. L.J. 487, 498 (2023).

Ericsson and Lenovo hold essential patents (either directly or through their related entities) incorporated in the 5G cellular standard. Both are members of the ETSI. Both have agreed that they are prepared to grant licenses to implementers on FRAND terms. And both agree that they

4

are beneficiaries of the other's commitment. What they haven't been able to agree on is the terms of a global cross-license, and not for a lack of trying.

Ericsson and Lenovo have negotiated over a global cross-license for various essential patents for over a decade. During these negotiations Lenovo purchased Motorola, which entered into a licensing agreement with Ericsson in 2011. What started as a negotiation for 2G and 3G essential patents has evolved, as technology does, into a dispute over 4G and 5G essential patents. The most recent phase of those negotiations—the phase over 5G essential patents—is what matters for the motion currently before the Court.

In 2017 Ericsson publicly announced its 5G royalty rates in advance of the 3GPP's announcement of the 5G standard. Ericsson states that it was prepared to grant licenses at a rate of $5 per 5G device with a floor of $2.5 per device. Around that same time, Lenovo and Ericsson's negotiations began to include discussion over the 5G patents. In 2018, Lenovo and Ericsson mediated with both exchanging offers the other considered not FRAND. Since then, the parties seem to have spent much of their time negotiating non-disclosure agreements that would facilitate the sharing of confidential information about the essential patents. Compl. 80–81, [DE 1]; Countercls. ¶¶32–40, [DE 29].

On 11 October 2023, Ericsson made an offer to cross-license its portfolio of 5G standard essential patents at a rate of 1% per 5G device with a $4 cap. Mem. in Opp'n, Ex. 5, [DE 47-7]. An offer, Ericsson highlights that is below its publicly announced FRAND rate of $5 per device. Additionally, Ericsson maintains that rate for its 5G patent portfolio is FRAND because the Fifth Circuit recently affirmed a jury verdict declaring that same rate to be FRAND for Ericsson's 4G patents. *HTC Corp. Telefonaktiebolaget LM Ericsson*, 407 F.Supp.3d 631, 633–641 *aff'd*, 12 F.4th 476 (5th Cir. 2021).

The day Ericsson offered a global cross-license at a rate of 1% per 5G device capped at $4 per device, it filed its complaint before the Court:

- Count 1 through Count 4 allege that Lenovo infringes on four of Ericsson's domestic 5G essential patents.

- In Count 5, Ericsson alleges that Lenovo breach obligations created by the ETSI IP rights policy. Specifically, that once Lenovo began negotiations for FRAND terms it was obligated under French law to negotiate in good faith;

- In Count 6, Ericsson alleges that Lenovo breached its contractual commitments under the ETSI IP rights policy which Lenovo is entitled to rely on as a third-party beneficiary of Ericsson's commitments to the ETSI;

- Count 7 asks for a declaration that Ericsson's 11 October 2023, offer complied with its FRAND commitment. And, if the Court declares that offer was not FRAND, Ericsson requests the Court declare a FRAND rate for a global-cross license.

Compl. ¶¶ 146–222, [DE 1]. In December, Lenovo US and Motorola Mobility asserted counterclaims that largely mirror Ericsson's complaint:

- Count 1 alleges that Ericsson breached its obligations under the ETSI IP rights policy;

- Count 2 claims that Ericsson breached its obligation under the ETSI IP rights policy to negotiate in good faith when it refused to offer its essential patents on FRAND terms;

- Count 3 seeks a declaration setting FRAND royalty rates for a global patent cross-license between Ericsson and Lenovo US;

- Count 4 through Count 7 allege that Ericsson infringes on four of Motorola Mobility's essential 5G patents.

Countercls. ¶¶ 42, 50, 55, 60, 90–125, [DE 29].

In addition to their claims and counterclaims before this Court, Lenovo and Ericsson have filed parallel complaints with the United States International Trade Commission:

- On 11 October 2023, Ericsson filed an ITC complain covering the four 5G SEPs that are the subject of its patent infringement claims here. On 12 December

6

2023, Ericsson filed another complaint covering four patents that it claims are essential to the HEvCH/H.265 Video Standard. Opp'n 9–10, [DE 47].

- On 16 December 2023. Motorola Mobility filed an ITC complaint against Ericsson LM, Ericsson AB, and Ericsson Inc. alleging unlawful importation, sale for importation, and sale within the Untied States after of 5G New Radio antenna units that incorporate the Four SEPs asserted in its counterclaims before this Court. Opp'n, Ex. 14, [DE 48-5].

The Eastern District is just one front in the parties' dispute. Since Ericsson filed its complaint in October, the parties have been busy litigating in foreign jurisdictions. On 13 October 2023, two days after Ericsson filed its complaint here, Lenovo filed an action in the High Court of England and Wales:

- Lenovo US and Motorola Mobility's action seeks, among other things, a determination of FRAND terms for a global cross-license agreement between Lenovo and Ericsson, and Lenovo provided an undertaking to the UK court that it will enter into a license agreement determined FRAND as a result of the UK proceedings.

- On 15 December 2023, Lenovo amended its complaint to include a request for injunctive relief against infringement of its UK patents. Specifically, Lenovo seeks an injunction preventing Ericsson from infringing on its UK patent, provided that such an injunction will be lifted if the parties enter a license agreement on FRAND terms.

- For its part, Ericsson contests the UK court's jurisdiction over the FRAND related claims but does not contest that the UK court has jurisdiction to hear Lenovo's UK patent infringement claim.

Mem. in Supp. 11–12, [DE 40]; Opp'n 10, [DE 47]; Opp'n, Ex. 13 ¶¶ 10A, 56, 56A, [DE 48-4].

On 20 November 2023, Ericsson began filing a series of patent infringement actions in Colombia:

- On 20 November 2023, Ericsson filed a patent infringement action against Lenovo's Colombian affiliate, Motorola Mobility Colombia S.A.S. as well as several of Lenovo's customers.

- Under Colombian law, owners of intellectual property can get an injunction from the Superinterdencia de Industria y Comercio ("SIC"), an administrative office with judicial power of trademark and patent infringement.

7

- On 13 December 2023, the SIC enjoined Motorola Mobility Colombia to cease marketing, offering for sale, selling, using or importing certain 5G cell phones.

Supp., Ex. 3 ¶¶ 16, 17, 19, [DE 40-3]; Opp'n, Ex. 2 ¶ 20, [DE 47-4].

The day after Ericsson began its Colombian actions, Ericsson filed an action for patent infringement in Brazil:

- At issue were two of Ericsson's Brazilian patents that it claims are essential to the ETSI's 5G standard. Ericsson alleges that Lenovo's Brazilian affiliates, Lenovo Technologia Brasil LTDA and Motorola Mobility Comercio De Productos LTDA infringed on those essential patents.

- Ericsson requested a preliminary injunction enjoining Lenovo from infringing on its Brazilian patents.

- Lenovo responded on 23 November opposing the injunction and moved to seal the case, which the Brazilian court did.

- On 27 November 2023, the Brazilian court entered a preliminary injunction. Lenovo must refrain from implementing the 5G essential patents at issues. The injunction would not take effect until 20 December 2023.

- On 11 December 2023, Lenovo's interlocutory appeal was denied; a week later, its motion for reconsideration was also denied.

Supp., Ex. 2 ¶ 4, [DE 37-1]; Opp'n, Ex. 1 ¶¶ 20, 24, 25, [DE 47-3].

From Lenovo's perspective, the Brazilian and Colombian injunctions pose significant challenges to its global strategy. Brazil and Colombian are growing markets for Lenovo's 5G offerings. Supp., Ex 1 ¶¶ 8, 10, 11, [DE 37]. And it alleges that Ericsson pursued injunctions in those jurisdictions because of their strategic importance to Lenovo and the relative ease, in Lenovo's opinion, of obtaining injunctive relief in those jurisdictions as compared to the United States. Lenovo casts Ericsson's action in Brazil and Colombia as an attempt to coerce Lenovo into accepting supra-FRAND terms. For its part, Ericsson responds that foreign courts have jurisdiction to enforce the rights of patent holders within their territorial bounds according to their procedures.

Ericsson views Lenovo actions as a refusal to negotiate in good faith, alleging that Lenovo is implementing Ericsson's essential patents without paying its fair share.

On 29 December 2023, Lenovo US and Motorola Mobility filed an application for a TRO and anti-suit injunction in this Court. [DE 35]. Lenovo states that the essential patents at the heart of the foreign injunctions are subject to Ericsson's commitment to the ETSI to license on FRAND terms, an issue that is squarely before this Court and the UK court. Thus, according to Ericsson, the foreign injunctions will be resolved through a payment of money damages and that issue should be resolved without the pressure of the Brazilian and Colombian injunctions.

On 2 January 2024, Ericsson responded to Lenovo's motion. Ericsson contends that the Brazilian and Colombian actions involve foreign patent rights enforceable in the courts of the foreign sovereigns. Any attempt to collaterally attack the foreign injunctions, Ericsson argues, offends norms of international comity and thus amounts to nothing more than a delay tactic.

On 11 January 2024, the Court held a hearing on Lenovo's motion for anti-suit injunction. Ericsson and Lenovo US and Motorola Mobility were represented by counsel. The motion is ripe for decision.

DISCUSSION

Before the Court can address whether an anti-suit injunction is warranted, it must first address the form such equitable relief would take. Lenovo styled its motion as a request for a temporary restraining order yet asked the Court to preliminary enjoin Ericsson from enforcing the Brazilian and Colombian injunctions until the FRAND licensing dispute is resolved. One of the key distinctions between a TRO and the preliminary injunction is that the former is inherently limited in duration while the latter has no inherent constraints. *Compare* Fed. R. Civ. P. 65(a) *with*

9

65(b). Thus, Lenovo's motion has the procedural trappings of a TRO but the substance of as motion a preliminary injunction.

Federal Rule of Civil Procedure 65 governs both TROs and preliminary injunctions in a fluid interplay. *See Ciena Corp. v. Jarrad*, 203 F.3d 312, 319–20 (4th Cir. 2000). Because of this fluidity, district courts may properly treat a motion for a TRO as a motion for a preliminary injunction provided the non-moving party has a fair opportunity to oppose the motion. *See U.S. Dep't of Lab. v. Wolf Run Mining Co., Inc.*, 452 F.3d 275, 283 (4th Cir. 2006).

This fair opportunity comes down to notice. How much notice must be given before the Court can enter the preliminary injunction? Rule 65 doesn't say. *Ciena Corp.* 203 F.3d at 319. Instead, Rule 65's notice requirement is "more substantive than technical, requiring a defendant be given a fair opportunity to oppose the application, as distinct from a specified number of hours or days." *Wolf Run Mining*, 452 F.3d at 283 (internal quotation marks and citations omitted).

The Court has little trouble concluding that Rule 65's substantive requirement has been met here. Lenovo moved for a TRO on 29 December 2023. [DE 35]. Ericsson filed a memorandum in opposition on 2 January 2024. [DE 47]. That same day, the Court set a date for the hearing on 11 January 2024, 13 days after Lenovo filed its motion for a TRO. A duration more than sufficient to give Ericsson a fair opportunity to oppose Lenovo's motion for injunctive relief. *See Wolf Run*, 452 F.3d at 281–84 (holding that notice within 24 hours of the hearing provided fair opportunity to oppose preliminary injunction); *Cienna*, 203 F.3d at 320 (concluding that 2 days' written notice of hearing on TRO converted into a preliminary injunction did not deny fair opportunity to oppose). What's more, not only does Ericsson not object to converting Lenovo's request for a TRO into a preliminary injunction but it expressly asked the Court to do so. Opp'n 29, [DE 47]. Accordingly, the Court treats Lenovo's motion for a TRO as a motion for a preliminary injunction.

10

An "extraordinary remedy never awarded as of right[,]" a preliminary injunction forces courts of equity to balance the parties competing claims of injury with the effect that granting the injunction would have on each party as well as the consequences to the public. *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 24 (2008). The competing concerns animating the extraordinary nature of preliminary injunctions are heightened when the equitable powers of the federal courts are sought to enjoin parties from litigating in foreign courts. Although an anti-suit injunction ostensibly operates only against the parties not the foreign court, "such an order effectively restricts the jurisdiction of the court of a foreign sovereign." *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987). Thus, while a district court with jurisdiction over the parties has the power to enjoin them from proceeding with a parallel lawsuit in a foreign country, that power should be exercised "sparingly." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 479 (4th Cir. 2018) (internal quotations marks and citation omitted).

The anti-suit injunction has consequences not present in a run-of-the mill preliminary injunction. As a result, the standard test for a four-part test preliminary injunction is inapposite. *See Ganpat v. E. Pac. Shipping PTE, Ltd.*, 66 F.4th 578, 584–85 (5th Cir. 2023) (explaining that the traditional four-part test has never been a part of the circuit's analysis for an anti-suit injunction); *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 991 (9th Cir. 2006) (holding that the movant "need only demonstrate that the factors specific to an anti-suit injunction weigh in favor of granting the injunction."); *Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren*, 361 F.3d 11, 19 (1st Cir. 2004) (counseling district court that they "have no obligation to employ [the traditional four-part test]" when dealing with international antisuit injunctions). Instead, the propriety of an anti-suit injunction is assessed in three-steps. *See, e.g.*,

11

*BAE Sys. Tech. Sol. & Servs., Inc. v. Rep. of Korea's Def. Acquisition Program Admin.*, 195 F.Supp.3d 776, 786 (D. Md. 2016).

First, the movant must satisfy two threshold requirements: (1) that the parties and issues are the same in both matters and (2) that resolution of the case before the enjoining court is dispositive of the action to be enjoined. *E.g., Microsoft*, 696 F.3d at 882. And, because the threshold requirements must be satisfied before the factors in the second step can be considered, this first step might be the only step. *See Canon Lat. Am., Inc. v. Lantech (CR), S.A.*, 508 F.3d 597 (11th Cir. 2007); *Quaak*, 361 F.3d at 18 ("The gatekeeping inquiry is, of course, whether parallel suits involve the same parties and issues."); *Sanofi-Aventis Deutschland GmbH v. Genetech, Inc.*, 716 F.3d 588, 595 (Fed. Cir. 2013) (Dyk, J., concurring) (stating that the majority opinion was wrong to consider additional factors when the threshold considerations were not met).

Second, the movant must show that at least one of the anti-suit injunction factors applies. *Microsoft*, 696 F.3d at 881. These factors include "whether the foreign litigation would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) where the proceedings prejudice other equitable consideration." *Id.* at 882 (cleaned up) (quoting *E & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 989 (9th Cir. 2006)). In addition, the Second Circuit considers a fifth factor—whether the parallel litigation would result in delay, inconvenience, expense, inconsistency, or race to judgment. *See Karaha Bodas Co. L.L.C. v. Perusahaan Pertambanagan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 119 (2d Cir. 2007).

Third, if the threshold requirements are met and at least one of anti-suit injunction factors applies, the court assesses the injunction's effect on international comity. " 'Comity' summarizes in a brief word a complex and elusive concept—the degree of deference that a domestic forum

must pay to the act of foreign government not otherwise binding on the forum." *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 937 (D.C. Cir. 1984). In practice, comity serves as the mortar that cements the brick house of the international system. *Id.* Care must be taken to preserve this mortar even where litigation involves private parties because enjoining a party from proceeding in a foreign court effectively restricts the jurisdiction of a foreign sovereign's courts. *See China Trade*, 837 F.3d at 35.

Almost all of the circuit courts have adopted one of two approaches to weighing the effect of an anti-suit injunction on international comity—the restrictive "conservative approach" or the permissive "liberal approach."[2] These labels come from how much weight each approach accords to international comity: The liberal approach places less weight on international comity whereas the conservative test places greater emphasis on international comity. *See Quaak*, 361 F.3d at 17–19 (outlining the two approaches and adopting the conservative approach because "the liberal approach assigns too low a priority to [international comity]"); *BAE Sys.*, 884 F.3d at 479 ("The principal different is that the liberal approach accords less weight to international comity concerns."). Although the liberal approach places a modest emphasis on international comity, an injunction will issue "whenever there is a duplication of parties and issues and the court determines that the prosecution of simultaneous proceedings would frustrate the speedy and efficient determination of the case." *Quaak*, 361 F.3d at 17. Under the conservative approach, however, an

---

[2] The liberal approach has been adopted by the Fifth and Ninth Circuits. *See Ganpat*, 66 F.4th 578 (5th Cir.); *Gallo*, 446 F.3d 984 (9th Cir). The conservative approach has been adopted by the First, Second, Third, Sixth, Eight, and District of Columbia Circuits. *See Quaak*, 361 F.3d 11 (1st Cir.); *China Trade*, 837 F.3d 33 (2d Cir.); *GE v. Deutz AG*, 270 F.3d 144, 161 (3d Cir. 2001); *Gau Shan Co., Ltd. v. Bankers Tr. Co.*, 956 F.3d 1349, 1352–54 (6th Cir. 1992); *Goss Int'l Corp v. Man Rolan Druckmaschinen Aktiengelsellschaft*, 491 F.3d 355, 359–61 (8th Cir. 2007); *Laker Airways,* 713 F.2d 909 (D.C. Cir.). The Seventh Circuit hasn't committed to either approach but has signaled that it is "inclined towards the laxer standard." *1st Source Bank v. Neto*, 861 F.3d 607, 613 n.2 (7th Cir. 2017). The Federal Circuit has employed the liberal test because it applies the law of the regional circuit when dealing it handles issue not unique to patent law. *Sanofi-Aventis*, 716 F.3d at 591–92.

13

"antisuit injunction will issue only if the movant demonstrates (1) an action in a foreign jurisdiction would prevent United States jurisdiction or threaten a vital United States policy, and (2) the domestic interests outweigh concerns of international comity." *Goss Int'l*, 491 F.3d at 359.

The Fourth Circuit has not weighed in on the proper test to apply. *BAE Systems*, 884 F.3d at 479. Without clear guidance from the circuit, some district courts have resorted to using both approaches. *See, e.g.*, *Custom Polymers PETs, LLC v. Gamma Meccanica SPA*, 185 F.Supp.3d 741, 757–61 (D.S.C. 2016). The Court does not need to commit itself to an approach at this time. Deciding which approach to apply is a consideration that comes only after the first two steps are resolved in favor of the anti-suit injunction. So the Court will address the steps in order reaching the third-step only if necessary.

Again, the first step is "whether or not the parties and the issues are the same, and whether or not the first action is dispositive of the action to be enjoined." *Sanofi-Aventis*, 716 F.3d at 591. The parties need not be identical. It is enough that they are "substantially similar." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Information Tech., Inc.*, 369 F.3d 645, 652 (2d Cir. 2004); *Quaak*, 361 F.3d at 20. On this Lenovo and Ericsson agree. Supp. 14, [DE 40]; Opp'n 19, [DE 47].

Ericsson argues that Lenovo cannot show substantial similarity because the Lenovo entities seeking the anti-suit injunction—Lenovo US and Motorola Mobility—are not the Lenovo entities enjoined in Brazil and Colombia. What's more, the Lenovo entities here can neither show that they are the controlling shareholders of Lenovo' Brazilian and Colombian entities nor that they can otherwise control them. Ericsson also points out that the parent company that controls all Lenovo entities, Lenovo China, has neither appeared nor accepted service in this case.

14

The decisive point is that the Brazilian and Colombian entities—Lenovo Tecnologia Brasil, Motorola Mobility Comercio De Produtos Electronicos LTDA, and Motorola Mobility Colombia S.A.S—are named in the Brazilian and Colombian actions because of their identity with Lenovo US. *See Paramedics*, 369 F.3d at 652. It's not a secret that the Brazilian and Colombian actions are a direct result of Lenovo US's negotiations with Ericsson. Although Ericsson stresses that Lenovo US does not control the foreign entities, the record supports that Lenovo US has the authority to negotiate with Ericsson to reach a global patent cross-license comprising both Lenovo US's and its related entities essential patents. Answer ¶ 215, [DE 29]. And it is undisputed that the Brazilian and Colombian entities are part of the Lenovo family, a family that Ericsson alleges acts as a "unitary business venture." Compl. ¶18, [DE 1]. Thus, the Court concludes that Lenovo US is substantially similar with the foreign defendants in the one way that really matters here.

Although stated as two components of the threshold inquiry, whether the issues in the domestic and foreign actions are the same and whether the first action is dispositive of the foreign action to be enjoined operate as one requirement. *Microsoft*, 696 F.3d at 882–83; *see also Sanofi-Aventis*, 716 F.3d at 591 ("[T]he issues need not be identical; it is enough they are functionally the same such that the result in one action is dispositive of the other." (citing *Applied Med. Distrib. Corp. v. Surgical Co. BV*, 587 F.3d 909, 915 (9th Cir. 2009))). The Court reads "dispositive" based on its ordinary usage as being outcome determinative. *See Canon*, 508 F.3d at 601 n.8 (concluding, "in the interest of international comity and judicial restraint," that dispositive means to settle or finish a dispute).

Lenovo argues that the underlying licensing dispute before the court will be dispositive of the Brazilian and Colombia actions. Because those actions involve claims for patent infringement on 5G essential patents covered by Ericsson's FRAND commitment and Ericsson has included

15

those patents in its global licensing offer, Lenovo reasons that resolving the FRAND rate in either this Court or the UK court will necessarily moot the foreign actions. What's more, Lenovo highlights that its counterclaim for declaratory relief asks the Court to set FRAND terms for a global-cross license covering those SEPs in the foreign proceedings. So even if it won't accept Ericsson's offer if it is declared FRAND, Lenovo contends that it will accept the FRAND rate set by the Court.

Lenovo's arguments are unpersuasive. The rub is that Lenovo conflates two separate issues arising from the parties' ETSI commitments and glosses over the nuances of Ericsson's position. Regarding the ETSI commitments, there are two issues: was Ericsson's 11 October offer FRAND? And what is FRAND rate for a global cross-license? Lenovo represents that the issue of setting a global rate is squarely before the Court. But it is more complicated than Lenovo leads on. On the one hand, Lenovo US requests a declaration of a FRAND rate for a global cross-license. Countercls. ¶89, [DE 29]. Ericsson, on the other hand, first requests a declaration that it's 11 October offer is FRAND, and should the Court conclude it wasn't, for the Court to declare a FRAND royalty rate for a global cross-license on essential patents. Compl. 59–60, [DE 1]. So unlike Lenovo request for declaratory judgment on a FRAND rate, Ericsson's request is contingent on the Court resolving the antecedent issue of the FRAND offer.

So, what happens if Ericsson's 11 October offer is FRAND? Lenovo has neither committed to accepting Ericsson's offer if its FRAND nor would it be forced to. Instead, Lenovo would be presented with the choice between (1) accepting the FRAND offer, (2) rejecting it and not implementing Ericsson's essential patents, or (3) rejecting it, implementing the essential patents, and exposing itself and its related entities to actions for infringement. *See Ericsson Inc. v. Apple Inc.*, No. 2:21-cv-00376-JRG, (E.D. Tex. May 2, 2022) (explaining the options available after an

16

offer is adjudicated FRAND). It is not the business of the federal courts to draft agreements for the parties, and it makes little sense to start now. *See Apple, Inc. v. Motorola Mobility, Inc.*, No. 11-cv-178, 2012 WL 5416931, at *1 (W.D. Wis. Nov. 2, 2012) (reasoning that it would be inappropriate to determine "a FRAND rate that may be used solely as a negotiating tool between the parties"); *InterDigital Commc'ns, Inc. v. ZTE Corp.*, 1:13-cv-00009, 2014 WL 2206218, at *3 (D. Del. May 28, 2014) (same).

Lenovo maintains that the Ninth Circuit's decision in *Microsoft* should control the outcome here. 696 F.3d 872. In *Microsoft*, the Ninth Circuit concluded that the district court had not abused its discretion in granting an anti-suit injunction because of the character of the underlying contract dispute. 696 F.3d at 882–85. So too here is the underlying contract dispute controlling. The meaningful distinction is that holding the parties to their obligations in the ETSI IP rights policy will not necessarily result in a global cross-license that resolves the foreign patent actions. This conclusion does not rest on the territorial nature of the Brazilian and Colombian essential patents. Only the courts of those sovereigns can resolve claims for infringement on their respective patents. *Id.* at 882; *see also Canon*, 508 F.3d at 602 (collecting cases where injunctions were vacated because foreign suits involved foreign rights enforceable in courts of the sovereign). Instead, the Court, like the Ninth Circuit in *Microsoft*, reasons from the effect that resolving the underlying contract claims under the ETSI IP rights policy would have on the foreign infringement actions.

In sum, the Court is not persuaded that resolving the underlying contract issues will force either Lenovo or Ericsson into a global licensing agreement that would resolve the patent infringement claims at the core of the Brazilian and Colombian actions. Thus, Lenovo has failed to satisfy that the threshold requirements. Its motion for an anti-suit injunction is, therefore, denied.

## CONCLUSION

For these reasons, the Court **DENIES** Lenovo US and Motorola Mobility's motion for a temporary restraining order and anti-suit injunction. [DE 35].

SO ORDERED, this _13_ day of February 2024.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

18

# Attachment B

## Filed Under Seal

# Attachment C

Filed Under Seal

Attachment D

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

| | |
|---|---|
| TELEFONAKTIEBOLAGET LM ERICSSON<br><br>*Plaintiff,*<br><br>v.<br><br>LENOVO (UNITED STATES), INC., LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO BEIJING, LTD., LENOVO GROUP, LTD., MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION CO., LTD., AND MOTOROLA MOBILITY, LLC,<br><br>*Defendants.* | C.A. No. 5:23-cv-00569 |

| |
|---|
| LENOVO (UNITED STATES), INC., AND MOTOROLA MOBILITY, LLC,<br><br>Counterclaim-Plaintiffs<br><br>v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, ERICSSON AB, AND ERICSSON, INC.<br><br>Counterclaim-Defendants |

## <u>DECLARATION OF JUAN PABLO CADENA SARMIENTO</u>

I, Juan Pablo Cadena Sarmiento, of Bogotá, Colombia, hereby declare as follows:

1.      I am an attorney at the law firm Brigard Castro in Bogota, Colombia.  I graduated from Universidad Nuestra Señora del Rosario in 1990, and I was admitted to practice law in the Republic of Colombia the same year.  I attended a postgraduate course on Intellectual Property Law from Queen Mary and Westfield College, University of London.  I primarily practice

intellectual property matters.  As a partner of Brigard Castro, I lead Copyright, Intellectual

Property and Trademarks Litigations, and Deposit of Trade Names and Slogans practice areas.  I

advise local and foreign clients on a wide variety of intellectual property matters and specific

litigations on trademark, copyright, patents, sanitary, and health registrations.  My native

language is Spanish, but I consider myself fluent in English.

2.      I have been retained by Lenovo Asia Pacific Sucursal Colombia ("Lenovo") and

Motorola Mobility Colombia S.A.S. ("Motorola") in connection with *ex parte* requests for

injunctive relief filed by Telefonaktiebolaget LM Ericsson ("Ericsson").  I have been asked to

provide information regarding the proceedings in Colombia.

3.      A patentee may seek an *ex parte* injunction from the Superintendencia de Industria y

Comercio ("SIC"), which is an administrative office of the executive branch of power, which is

the administrative regulator holding several faculties – Trademark and Patent Office, Consumer

Protection Office, Anti-Trust Authority etc., and also holds special judicial powers exclusively

for industrial property infringement cases (trademark and patent infringement) and unfair

competition actions; or before Conventional Courts with general jurisdiction over patent

infringements as well as general matters such as contractual disputes or tort matters. SIC and

Conventional Courts have preferred jurisdiction over an infringement case.

4.      *Ex parte* injunctions are allowed by article 248 of Decision 486 of the Andean

Community (Applicable Patent Law in Colombia, which states: "*Article 248. Where a*

*precautionary measure has been implemented* **without the intervention of the other party***, it*

*shall be notified to the party affected immediately after it has been implemented. The affected*

*party may apply to the competent national authority to have the measure rescinded. In the*

*absence of national provisions to the contrary, any precautionary measure implemented without the intervention of the other party shall lapse as a right if the infringement action is not initiated within the 10 days following the implementation of the measure. The competent national authority may amend, rescind or confirm the precautionary measure*."

5.      Colombian General Procedural Code (CGP) – Law 1564 of 2015, article 590, states as follows: "*In declarative processes, the following rules will be applied for the request, decree, practice, modification, substitution or revocation of precautionary measures: (c) Any other measure that the judge finds reasonable to protect the right that is the subject of the dispute, prevent its infringement or avoid the consequences derived from it, prevent damages, stop those that have been caused or ensure the effectiveness of the claim. To order the precautionary measure, the judge will assess the legitimacy or interest of the parties to act and the existence of the threat or violation of the right. Likewise, the judge will take into account the appearance of legitimate right, as well as the necessity, effectiveness and proportionality of the measure and, if he deems it appropriate, he may decree a less burdensome or different one than the one requested. The judge will establish its scope, determine its duration and may order, ex officio or at the request of a party, the modification, replacement or cessation of the precautionary measure adopted. In the case of precautionary measures related to pecuniary claims, the defendant may prevent their practice or request their lifting or modification by providing a bond to guarantee compliance with the eventual judgment favorable to the plaintiff or compensation for damages due to the impossibility of fulfill it. This counter bond may not be provided when the precautionary measures are not related to economic claims or seek to materially anticipate the ruling.*"

6.    Typically, *ex parte* injunctions are resolved very fast as only summary evidence of the infringement is required and such these proceedings may take less than one month to be decided.

7.    The SIC  typically follow two steps in deciding to issue an *ex parte* preliminary injunction.  First, the SIC issues a writ analyzing the preliminary injunction request and considers whether the writ would be admissible, where is analyzes the groundings of the Plaintiff's requests and, typically, concludes why it estimates that the same is acceptable.  The writ would also request that the plaintiff post security for damages to the defendant due to the preliminary injunction, however, the security in the writ may be insufficient to cover damages.  Second, once the plaintiff submits the security, the SIC will issue a second decision decreeing the PI.  Once the PI is decreed, it is in force.  The process in the Conventional Courts is similar.

8.    The *ex parte* injunction proceedings are held in secret.  Although a defendant may request to be admitted as a party and for access to the judicial file, the SIC or court can issue the writ or decree before it receives such a request from a defendant or before the defendant can access the file.

9.    Once the injunction is decreed, the plaintiff has 10 business days to file a lawsuit alleging infringement of the same patents that are subject to the preliminary injunction.  If the plaintiff does not file a lawsuit within 10 business days of serving the injunction on the defendant, the injunction will be without effect.  A patent infringement lawsuit typically takes 2-3 years to reach a resolution by a judge, including the appeal motion, and involves the presentation of evidence from both parties, including expert opinion and fact witnesses if requested by the parties. The judge may also order any evidence ex officio.

10.     Once the injunction is decreed, the defendant typically, subject the court's discretion, has 10 business days to inform that it is complying with the injunction.  An injunction may require the defendant to stop making, using, offering for sale, and selling the products subject to the injunction, and may also require that the defendant recall any such products from the market, e.g., store shelves.

11.     Although the defendant may also file a motion of reconsideration and subsidiary leave to appeal after being served, this will not stay the injunction, per article 298 of CGP.  In addition, such a motion must be filed within 5 business days of being served with the injunction if it served by email.  Preparing a response to allegations of patent infringement is very difficult on that time frame, especially because the defendant will likely have days or at most weeks to analyze and respond to the information in the judicial file.  The defendant may also file a formal appeal, which takes approximately six-to-eight months to be decided.  The injunction will remain in force pending the appeal.

12.     If the Court considers that the defendant violated the injunction, then under article 44 number 3 of CGP the Court may impose a fine of legal minimum monthly wages (in 2023 this corresponds to COP $11.600.000), which can be on a daily, weekly, or monthly basis, until the defendant informs the Court that it is complying with the injunction.  Colombian courts have rejected offers by defendants to post a counter-bond to protect the rights of the patentee during the appeal and sell products subject to the injunction in Colombia without incurring a penalty arguing that article 569 of the Colombian Code of Commerce is not in force.

13.     Even if the defendant is successful at a trial and proves the patent is not infringed or invalid, it will not be able to recoup any fines that were paid.  Further, a finding that a defendant

5

did not comply with an injunction may subject the defendant to criminal penalties, which include fines of up to COP \$50 million and prison time.

14.     Based on a search by name of plaintiff in the public database of the judicial branch, Lenovo and Motorola are now aware that Ericsson has filed the following requests for *ex parte* preliminary injunctions based on alleged patent infringement against Lenovo and Motorola, and three of their customers Colombiana De Comercio S.A. Y/O Corbeta S.A. Y/O Alkosto S.A., Ingram Micro S.A.S., and MPS Mayorista De Colombia S.A:

| Court | Defendant | Status |
|---|---|---|
| JUZGADO 010 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 10 | LENOVO ASIA PACIFIC SUCURSAL COLOMBIA | E: 2023-11-24 - Filed the lawsuit and PI<br><br>L: 2023-12-01 - Filed a request to be admitted as a party<br><br>C: 2023-12-01 - Acknowledged receipt of the request<br><br>C: 2023-12-18 - Denied the prosecution of Ericsson's lawsuit due to formal defects. |
| JUZGADO 022 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 22 | LENOVO ASIA PACIFIC SUCURSAL COLOMBIA | E: 2023-11-24 - Filed the lawsuit and PI<br><br>L: 2023-12-01 - Filed a request to be admitted as a party<br><br>C: 2023-12-01 - Acknowledged receipt of the request |
| JUZGADO 037 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 37 | LENOVO ASIA PACIFIC SUCURSAL COLOMBIA | E: 2023-11-24 - Filed the lawsuit and PI<br><br>L: 2023-12-01 - Filed a request to be admitted as a party<br><br>C: 2023-12-01 - Acknowledged receipt of the request |

| Court | Defendant | Status |
|---|---|---|
| JUZGADO 056 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 56 | LENOVO ASIA PACIFIC SUCURSAL COLOMBIA | E: 2023-11-24 - Filed the lawsuit and PI<br><br>L: 2023-12-01 - Filed a request to be admitted as a party<br><br>C: 2023-12-01 - Acknowledged receipt of the request |
| JUZGADO 008 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 08 | LENOVO ASIA PACIFIC LIMITED with branch named LENOVO ASIA PACIFIC LIMITED SUCURSAL Colombia | E: 2023-11-24 - Filed the lawsuit and PI<br><br>C: 2023-11-29- Denied the admission of the lawsuit (We do not have access to the document).<br><br>L: 2023-12-01 - Filed a request to be admitted as a party<br><br>C: 2023-12-01 - Acknowledged receipt of the request<br><br>E: 2023-12-06 - Filed lawsuit amendment<br><br>C: 2023-12-19-  (i) admitted the lawsuit for prosecution and (ii) considered Lenovo served, and ordered the secretary of the C to provide us access to the judicial file; and (iii) denied the PI.<br><br>L: 2023-12-19: Requested access to the file |
| SIC | LENOVO ASIA PACIFIC LIMITED with branch named LENOVO ASIA PACIFIC LIMITED SUCURSAL Colombia | E: 2023-11-24 - Filed the lawsuit and PI.<br><br>C: 2023-12-01 -  Denied the admission of the lawsuit.<br><br>E: 2023-12-12- Amended the lawsuit. We do not have access to the file. Hence, we are unaware of the content of the adjusted lawsuit.<br><br>C: 2023-12-15 Admitted the lawsuit into prosecution. There is a second writ -which we cannot access- possible admitting the PI. |

7

| Court | Defendant | Status |
|---|---|---|
| JUZGADO 005 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 05 | LENOVO ASIA PACIFIC LIMITED SUCURSAL | E: 2023-11-29 - Filed the lawsuit and PI<br><br>L: 2023-12-07 - Filed a request to be admitted as a party<br><br>C: 2023-12-12- Acknowledged receipt of the request |
| JUZGADO 21 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 21 | LENOVO ASIA PACIFIC LIMITED SUCURSAL COLOMBIA | E: 2023-11-28 - Filed the lawsuit and PI<br><br>E: 2023-11-28 - Filed withdrawal |
| JUZGADO 003 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 03 | MOTOROLA MOBILITY COLOMBIA S.A.S. | E: 2023-11-28 - Filed the lawsuit and PI<br><br>M: 2023-12-01 - Filed a request to be admitted as a party<br><br>C: 2023-12-01 - Acknowledged receipt of the request |
| JUZGADO 012 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 12 | MOTOROLA MOBILITY COLOMBIA S.A.S. | E: 2023-11-27 - Filed the lawsuit and PI<br><br>M: 2023-12-01 - Filed a request to be admitted as a party<br><br>C: 2023-12-01 - Acknowledged receipt of the request |
| JUZGADO 026 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 26 | MOTOROLA MOBILITY COLOMBIA S.A.S. | E: 2023-11-28 - Filed the lawsuit and PI<br><br>M: 2023-12-01 - Filed a request to be admitted as a party<br><br>C: 2023-12-19 - Denied the prosecution of E's lawsuit due to formal defects |

| Court | Defendant | Status |
|---|---|---|
| JUZGADO 029 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 29 | MOTOROLA MOBILITY COLOMBIA S.A.S. | E: 2023-11-24 - Filed the lawsuit and PI

M: 2023-12-01 - Filed a request to be admitted as a party

C: 2023-12-01 - Acknowledged receipt of the request

C: 2023-12-11 - Denied the prosecution of lawsuit due to formal defects.

E: 2023-12-18: Amended the lawsuit |
| JUZGADO 054 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 54 | MOTOROLA MOBILITY COLOMBIA S.A.S. | E: 2023-11-24 - Filed the lawsuit and PI

M: 2023-12-01 - Filed a request to be admitted as a party

C: 2023-12-01 - Acknowledged receipt of the request

C: 2023-04-01- Accepted E's withdrawal |
| JUZGADO 053 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 53 | MOTOROLA MOBILITY COLOMBIA S.A.S. | E: 2023-11-24 - Filed the lawsuit and PI

M: 2023-12-01 - Filed a request to be admitted as a party

C: 2023-12-01 - Acknowledged receipt of the request |
| JUZGADO 040 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 40 | MOTOROLA MOBILITY COLOMBIA S.A.S. | E: 2023-11-24 - Filed the lawsuit and PI

M: 2023-12-01 - Filed a request to be admitted as a party

C: 2023-12-01 - Acknowledged receipt of the request

E: 23-12-04 Filed withdrawal |

9

| Court | Defendant | Status |
|-------|-----------|--------|
| SIC | MOTOROLA MOBILITY COLOMBIA S.A.S. | E: 2023-11-20 - Filed the lawsuit and PI<br><br>C: 2023-12-13 - Served M of all writs within the proceeding and decreed the PI<br><br>M: 2023-12-18 - Filed the appeal against the writ which decreed the PI and the reconsideration motion against the writ which admitted the lawsuit into proceeding. |
| JUZGADO 017 CIVIL DEL CIRCUITO DE BOGOTÁ Conventional Court Num. 17 | MOTOROLA MOBILITY COLOMBIA S.A.S. | E: 2023-11-20 - Filed the lawsuit and PI<br><br>E: 2023-11-28- Filed withdrawal<br><br>C: 2023-11-28- Accepted E's withdrawal |
| SIC | MPS MAYORISTA DE COLOMBIA S.A. | E: 2023-11-24 - Filed the lawsuit and PI<br><br>C: 2023-12-01 - Admitted the lawsuit<br><br>C: 2023-12-13 - Decreed the IP<br><br>E: 2023-12-14 - Served the writ which admitted the lawsuit and the writ which decreed the PI |
| JUZGADO 045 CIVIL DEL CIRCUITO DE BOGOTÁ | MPS MAYORISTA DE COLOMBIA SA | E: 2023-11-28 - Filed the lawsuit and PI |
| JUZGADO 020 CIVIL DEL CIRCUITO DE BOGOTÁ | MPS MAYORISTA DE COLOMBIA SA | E: 2023-11-28 - Filed the lawsuit and PI<br><br>C: 23-11-28- Denied the prosecution of E's lawsuit due to formal defects.<br><br>C: 23-11-28- Accepted withdrawal |

10

| Court | Defendant | Status |
|-------|-----------|--------|
| JUZGADO 049 CIVIL DEL CIRCUITO DE BOGOTÁ | MPS MAYORISTA DE COLOMBIA SA | E: 2023-11-24 - Filed the lawsuit and PI<br><br>E: 2023-12-04- Filed withdrawal<br><br>C: 2023-12-12- Accepted E's withdrawal |
| JUZGADO 044 CIVIL DEL CIRCUITO DE BOGOTÁ | COLOMBIANA DE COMERCIO S.A. Y/O CORBETA S.A. Y/O ALKOSTO S.A. | E: 2023-11-30- Filed the lawsuit and PI |
| JUZGADO 052 CIVIL DEL CIRCUITO DE BOGOTÁ | COLOMBIANA DE COMERCIO S.A. Y/O CORBETA S.A. Y/O ALKOSTO S.A. | E: 2023-11-24- Filed the lawsuit and PI |
| JUZGADO 004 CIVIL DEL CIRCUITO DE BOGOTÁ | COLOMBIANA DE COMERCIO S.A. Y/O ALKOSTO S.A | E: 2023-11-24- Filed the lawsuit and PI |
| JUZGADO 009 CIVIL DEL CIRCUITO DE BOGOTÁ | COLOMBIANA DE COMERCIO S.A. Y/O CORBETA S.A. Y/O ALKOSTO S.A. | E: 2023-11-30- Filed the lawsuit and PI |

| Court | Defendant | Status |
|---|---|---|
| JUZGADO 014 CIVIL DEL CIRCUITO DE BOGOTÁ | INGRAM MICRO S.A.S | E: 2023-11-24- Filed the lawsuit and PI |
| JUZGADO 016 CIVIL DEL CIRCUITO DE BOGOTÁ | INGRAM MICRO S.A.S. | E: 2023-11-24- Filed the lawsuit and PI<br><br>C: 2023-12-12- Denied the prosecution of E's lawsuit due to formal defects.<br><br>E: 2023-12-19- Amended the lawsuit |
| JUZGADO 006 CIVIL DEL CIRCUITO DE BOGOTÁ | INGRAM MICRO S.A.S. | E: 2023-11-28- Filed the lawsuit and PI |
| JUZGADO 040 CIVIL DEL CIRCUITO DE BOGOTÁ | INGRAM MICRO S.A.S. | E: 2023-11-24- Filed the lawsuit and PI |
| JUZGADO 045 CIVIL DEL CIRCUITO DE BOGOTÁ | INGRAM MICRO S.A.S. | E: 2023-12-1- Filed the lawsuit and PI |

| Court | Defendant | Status |
|-------|-----------|--------|
| SIC | INGRAM MICRO S.A. S | E: 2023-11-24 - Filed the lawsuit and PI<br><br>C: 2023-12-01 - Admitted the lawsuit<br><br>C: 2023-12-13 - Decreed the IP |

15.    On December 12, 2023, the SIC granted Motorola's request for access to the judicial file for case 23-518825 (this case was filed on November 20, 2023).  Upon receiving access to the judicial file, Motorola learned for the first time which patent Ericsson was alleging infringement of.  The patent is CO38001 and Ericsson alleges that the patent is essential to the 5G standard.

16.    By the time Motorola obtained access to the judicial file for case 23-518825, the SIC had admitted the injunction, and it had requested Ericsson post a bond of $900,000,000 COP, which is approximately $225,626 USD.  Ericsson posted the bond on December 12, 2023.  The SIC issued the decree for case 23-518825 on December 13, 2023, making the injunction immediately effective.  The injunction provides that Motorola Colombia must to cease from marketing, offering for sale, selling, using, or importing into Colombia the following products: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1) y Moto G200 (Model XT2175-1). Motorola Colombia has been ordered to inform and serve retailers, customers, and e-commerce platforms of the order.  The injunction is attached to this Declaration as Exhibit A.

17.    Ericsson filed a lawsuit alleging infringement of CO38001 on November 20, 2023, which means the injunction will remain in effect pending appeals and the trial.

18.    Motorola filed its appeal of the injunction on December 18, 2023, and has not yet received a ruling on the appeal, which might take a considerable amount of time due to the end of year recess.

19.    Ericsson has also obtained injunctions against two Motorola customers, Ingram (CO 37362) and MPS (CO 36031).  Both patents are alleged to be essential to 5G.  The injunctions were decreed on December 13, and Ericsson has now served MPS and Ingram, which means the injunctions are in effect.

20.    Ericsson can withdraw the existing actions and move the Conventional Courts or SIC to withdraw any injunction that has been decreed.

21.    The SIC and the Conventional Courts in Colombia are on end of the year holiday from December 20, 2023 to January 20, 2023.  During the holiday, the Conventional Courts in Colombia are not available to resolve disputes or hear motions.  The SIC confirm their end of the year holidays recess will be between December 20, 2023 and January 14, 2024.  Therefore, if an injunction has been decreed, Lenovo and Motorola would have no recourse in Colombia for over a month.

22.    I understand that Lenovo and Motorola are asking the Court in the Eastern District of North Carolina to issue an anti-suit injunction that would order Ericsson not to enforce any injunction that it obtains in Colombia.  If the Court in the Eastern District of North Carolina issues such an order, Ericsson could request an anti-anti-suit injunction from the SIC or any of

the conventional courts to order that it can continue seeking and enforcing injunctive relief in

Colombia.  Ericsson has previously requested the Courts to stop the counterparties from filing

anti-suit injunctions in the past.

15

I declare under penalty of perjury under the laws of the United States that the foregoing is true

and correct to the best of my knowledge. Executed this 28 day of December, 2023 in

Bogota Colombia

/s/ _Juan Pablo Cadena_

Juan Pablo Cadena Sarmiento

16

# Exhibit A

**REPUBLIC OF COLOMBIA**

[emblem]

**MINISTRY OF COMMERCE, INDUSTRY, AND TOURISM**
**OFFICE OF THE SUPERINTENDENT OF INDUSTRY AND COMMERCE**
**OFFICE FOR JURISDICTIONAL AFFAIRS**

**BOGOTA D.C., DECEMBER 12, 2023**

**CASE NUMBER 145875**

*"By which injunctions are decreed"*

**Action for the Violation of Industrial Property Rights**
**Case File: 23-518825**
**Plaintiff: TELEFONAKTIEBOLAGET LM ERICSSON (Publ)**
**Respondent: MOTOROLA MOBILITY COLOMBIA S.A.S.**

In compliance with what was provided for in the case that ordered the issuing of a guarantee, the plaintiff company provided the document giving notice of the establishment of the guarantee in the terms required by the Office (consecutive 6), reason for which the injunction announced in the aforementioned ruling will be decreed.

Along with the preceding, it should be shown that the injunctions announced (and that will be decreed in this case) are necessary to protect the allegedly violated rights of the plaintiff party, since they prevent the committing of acts involving a violation, such as the importing, distribution, and sale of products that use the patent owned by the plaintiff. It is effective, inasmuch as it protects the assets of the requesting party until an eventual favorable ruling about its interests is handed down, and it is proportional in pointing to the protection of the right being disputed, by ordering the removal only of those products that allegedly use the patent invented by the plaintiff and which may obtain an undue benefit, in addition to the provisions on industrial property rights that are being discussed.

Due to what is stated above, the Office for Jurisdictional Affairs of the Office of the Superintendent of Industry and Commerce

**HEREBY RESOLVES**

**ONE: TO ADMIT** the guarantee provided by **TELEFONAKTIEBOLAGET LM ERICSSON (Publ).**

**TWO:** As a consequence, **TO RULE** in favor of **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)** for the following injunctions:

i.   *TO ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to immediately cease and desist from importing the following products into the Republic of Colombia: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).*

ii.  *TO ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to immediately desist from offering the following products for sale in Colombia: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).*

AJ01-F31 Vr 4 (10/28/2022)

iii.    *TO ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to desist from selling the following products in Colombia: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321- 1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175- 1).*

iv.    *TO ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to immediately cease using any advertising material that promotes or offers the following products: Motorola ThinkPhone (Model XT2309- 2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1), through the Internet, social network platforms, mass communication media, press media, electronic platforms, or any other similar media.*

v.    *TO ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to notify and inform supermarkets, retailers, owners of social media platforms, mass communication media, and electronic commerce platforms within national territory about the existence of the current proceedings for a preliminary injunction, so that they can take the necessary measures to comply with the orders issued by this Office.*

**THREE: TO ORDER** the **Office of the Director of National Taxes and Customs (DIAN)** to prohibit entry into the Republic of Colombia for all of the following products: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).

For the **Office of the Secretary** to publish official notice, in accordance.

**FOUR: TO WARN MOTOROLA MOBILITY COLOMBIA S.A.S.** and the **OFFICE OF THE DIRECTOR OF NATIONAL TAXES AND CUSTOMS (DIAN)** that they must comply with the injunctions decreed, on pain of having the corresponding legal penalties imposed.

On this particular, it is appropriate to remember that failure to observe the injunctions, the decree of which is provided for in this judgment, will involve the breach of a court order, which is sanctionable, among other legal means, in terms of numeral 3 of Article 44 of the C.G.P. [Código General del Proceso (Code of Civil Procedure)].

Likewise, it should be taken into consideration that the orders given here must be executed according to the guidelines provided by the Office, even in the event that an appeal is filed against the decision, in accordance with what is provided for in Article 298 of the C.G.P.

AJ01-F31 Vr 4 (10/28/2022)

**CASE NUMBER 145875 OF 2023**          **Page No. 3**

**FIVE: TO WARN TELEFONAKTIEBOLAGET LM ERICSSON (Publ)** that, within a period of forty (40) days prior to the date of the bank guarantee expiring, whenever the basis of the matter has not been decided, it must accredit to this Office that said guarantee has been extended, on pain of the injunctions decreed by means of this judgment being immediately lifted.

**NOTIFICATION TO BE GIVEN AND COMPLIED WITH.**

Unfair Competition and Industrial Property Group Coordinator.

Digitally signed by:
JONATHAN DAVID
CARVAJAL RESTREPO
[signature]     Date: 12/12/2023
05:05:52 PM COT
From: Office of Jurisdictional Affairs
Location: Bogota, Colombia

**JONATHAN DAVID CARVAJAL RESTREPO**

[emblem] Office of the Superintendent of
Industry and Commerce

**Office of Jurisdictional Affairs**

**Unfair Competition and Industrial Property
Workgroup**

In accordance with what is set forth in Article 295 of the C.G.P., notification of this case was made by

**State No. 218**

**Dated: 12/13/2023**

You are hereby reminded that this process can be handled virtually, in which case you should consult the "PROTOCOL FOR THE HANDLING OF PROCESSES VIRTUALLY WITH THE OFFICE FOR JURISDICTIONAL AFFAIRS OF THE OFFICE OF THE SUPERINTENDENT OF INDUSTRY AND COMMERCE," which you can access through the following link: https://www.sic.gov.co/sites/default/files/files/2020/Protocolo%20-%20VF%20-%2016%20de%20diciembre.pdf

AJ01-F31 Vr 4 (10/28/2022)



STATE OF NEW YORK
CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATION

I, Jacqueline Yorke, as an employee of TransPerfect Translations, Inc., do hereby certify, to the best of my knowledge and belief, that the provided Spanish into English translation(s) of the source document(s) listed below are true and accurate:

- 2023145875AU0000000001

TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

_____
Jacqueline Yorke, Project Manager

Sworn to before me this
Thursday, December 14, 2023

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

Case 5:23-cv-00569-BO-RJ   Document 40-3   Filed 12/29/23   Page 22 of 25



**MINISTERIO DE COMERCIO, INDUSTRIA Y TURISMO**
**SUPERINTENDENCIA DE INDUSTRIA Y COMERCIO**
**DELEGATURA PARA ASUNTOS JURISDICCIONALES**

**BOGOTÁ D.C., 12 DE DICIEMBRE DE 2023**

**AUTO NÚMERO 145875**

*"Por el cual se decretan medidas cautelares"*

**Proceso por Infracción a Derechos de Propiedad Industrial**
**Radicación: 23-518825**
**Demandante: TELEFONAKTIEBOLAGET LM ERICSSON (Publ)**
**Demandada: MOTOROLA MOBILITY COLOMBIA S.A.S.**

En cumplimiento de lo dispuesto en el auto que ordenó prestar caución, la sociedad demandante aportó el documento que da cuenta de la constitución de la caución en las condiciones exigidas por el Despacho (consecutivo 6), motivo por el cual se decretará la medida cautelar anunciada en la providencia referida.

Aunado a lo anterior, debe indicarse que las cautelas anunciadas y que serán decretadas en este auto, resultan necesarias para proteger el derecho presuntamente vulnerado al solicitante, ya que impiden la comisión de los actos de infracción como la importación, distribución y comercialización de productos que utilizan la patente de titularidad del accionante; es efectiva por cuanto protege el patrimonio del solicitante ante un eventual fallo favorable a sus intereses; y, resulta proporcional, al apuntar a la protección del derecho en disputa ordenando retirar sólo aquellos productos que presuntamente usan la patente de invención de la demandante para obtener un beneficio indebido al margen de las disposiciones sobre derechos de propiedad industrial que están en discusión.

En mérito de lo expuesto, la Delegatura para Asuntos Jurisdiccionales de la Superintendencia de Industria y Comercio.

**RESUELVE**

**PRIMERO: ADMITIR** la caución prestada por **TELEFONAKTIEBOLAGET LM ERICSSON (Publ).**

**SEGUNDO:** En consecuencia, **DECRETAR** en favor de **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)**, las siguientes medidas cautelares:

   *(i)*    *ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. que cese o se abstenga de inmediato de importar a la República de Colombia los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).*

   *(ii)*    *ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. que se abstenga de inmediato de ofrecer en venta en Colombia los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).*

AJ01-F31 Vr 4 (2022-10-28)

**AUTO NÚMERO 145875 DE 2023   Hoja No. 2**

(iii)    *ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. que se abstenga de vender en Colombia los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321- 1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175- 1).*

(iv)    *ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. el cese inmediato del uso de cualquier material publicitario que promocione u ofrezca los siguientes productos: Motorola ThinkPhone (Modelo XT2309- 2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245- 1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1), a través de Internet, plataformas de redes sociales, medios de comunicación masiva, medios de prensa, plataformas electrónicas o cualquier otro medio similar.*

(v)    *ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. notificar e informar a supermercados, minoristas, propietarios de plataformas de redes sociales, medios de comunicación masiva y plataformas de comercio electrónico dentro del territorio nacional sobre la existencia del actual procedimiento de medida cautelar preliminar, para que puedan tomar las medidas necesarias para cumplir con las órdenes emitidas por este Despacho.*

**TERCERO: ORDENAR** a la **Dirección de Impuestos y Aduanas Nacionales (DIAN)** que prohíba la entrada a la República de Colombia de todos los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).

Por **Secretaría** ofíciese de conformidad.

**CUARTO: ADVERTIR** a **MOTOROLA MOBILITY COLOMBIA S.A.S.** y a la **DIRECCIÓN DE IMPUESTOS Y ADUANAS NACIONALES (DIAN)**, que deberán cumplir las medidas cautelares decretadas, so pena de la imposición de las sanciones de ley.

Sobre este particular, es pertinente recordar que la desatención de las medidas cautelares cuyo decreto se dispone en esta providencia comportaría el incumplimiento de una orden judicial, que es sancionable, entre otras vías legales, en los términos del numeral 3° del artículo 44 del C.G.P.

Igualmente se deberá tener en cuenta que las órdenes aquí impartidas deberán ser cumplidas bajo los lineamientos dados por el Despacho, aunque se interponga cualquier recurso en contra de la decisión, de conformidad a lo previsto en el artículo 298 del C.G.P.

AJ01-F31 Vr 4 (2022-10-28)

**AUTO NÚMERO 145875 DE 2023   Hoja No. 3**

---

**QUINTO: ADVERTIR** a **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)** que en el término de cuarenta (40) días anteriores a la fecha de vencimiento de la garantía bancaria, siempre y cuando no se haya decidido el fondo del asunto, deberá acreditar ante el Despacho que la misma fue prorrogada, so pena de levantar inmediatamente las órdenes cautelares decretadas mediante la presente providencia.

**NOTIFÍQUESE Y CÚMPLASE,**

Coordinador del Grupo de Competencia Desleal y Propiedad Industrial,

**FRM_SUPER**

**JONATHAN DAVID CARVAJAL RESTREPO**



Delegatura para Asuntos Jurisdiccionales

Grupo de Trabajo de Competencia Desleal y Propiedad Industrial

De conformidad con lo establecido en el art. 295 del C.G.P., el presente auto se notificó por

**Estado No. 218**

**De fecha    13/12/2023**

Se recuerda que el presente proceso puede ser gestionado de manera virtual, para lo cual debe consultar el "PROTOCOLO PARA EL TRÁMITE DE PROCESOS DE MANERA VIRTUAL ANTE LA DELEGATURA PARA ASUNTOS JURISDICCIONALES DE LA SUPERINTENDENCIA DE INDUSTRIA Y COMERCIO", al que se puede acceder a través del siguiente enlace: https://www.sic.gov.co/sites/default/files/files/2020/Protocolo%20-%20VF%20-%2016%20de%20diciembre.pdf

A301-F31 Vr 4 (2022-10-28)

Attachment E




*DELEGATURA PARA ASUNTOS JURISDICCIONALES*
*GRUPO DE COMPETENCIA DESLEAL Y PROPIEDAD INDUSTRIAL*

*OFICIO No. 1003 – 022 de 2024*

Bogotá D.C.

| | |
|---|---|
| **SUPERINTENDENCIA DE INDUSTRIA Y COMERCIO** | |
| **RADICACION:** 23-519034- -20-0 | **FECHA**: 2024-02-05 22:21:37 |
| **DEPENDENCIA:** 1003  GRUPO DE TRABAJO DE COMPETENCIA DESL | **EVENTO:** 89 MEDIDACAUTEL |
| | **FOLIOS**: 5 |
| **TRAMITE:** 394  CDJ DEMANDA | |
| **ACTUACION:** 733   OFI REQ ENT | |

1003

Señores
**DIRECCION DE IMPUESTOS Y ADUANAS  NACIONALES**
notificacionesjudicialesdian@dian.gov.co
BOGOTA D.C.--COLOMBIA

*Proceso por infracción a Derechos Propiedad Industrial*

*Radicado:*          *2023-519034*
*Demandante:*     *Telefonaktiebolaget LM Ericsson*
*Demandada:*      *Lenovo (Asia Pacific) Limited*

Respetados Señores

De conformidad con lo ordenado en el numeral tercero del Auto No 3443 de fecha veintidós (22) de enero de dos mil veinticuatro (2024) donde se ordenó oficiarle con el fin que se que prohíba la entrada a la República de Colombia de todos los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).

**Señor ciudadano, para hacer seguimiento a su solicitud, la entidad le ofrece los siguientes canales:**
www.sic.gov.co  ~  Teléfono en Bogotá: 601 592 04 00  ~  Línea gratuita a nivel nacional: 01 8000 910 165
Dirección: Cra. 13 #27 - 00 pisos 1, 3, 4, 5, 6, 7 y 10  ~  Radicaciones: Av. carrera 7 #31A-36, Bogotá D.C.- Colombia
Teléfonos: 601 587 00 00  ~  e-mail: contactenos@sic.gov.co



Nuestro aporte es fundamental, al usar menos papel contribuimos con el medio ambiente

 
Al momento de dar respuesta acerca del cumplimiento de la orden transcrita, deberá dirigirlo al correo electrónico contactenos@sic.gov.co, referenciando el radicado 2023-519034, para el efecto se allega copia de la providencia aludida.

Atentamente,

Firmado
digitalmente por
*Graciela Rojas V.* GRACIELA ROJAS
VALDERRAMA

**GRACIELA ROJAS VALDERRAMA**
Secretaria Ad-Hoc del Grupo de Trabajo de Competencia Desleal y Propiedad Industrial
Elaboró:Graciela Rojas
Revisó: Graciela Rojas
Aprobó: Graciela Rojas

**Señor ciudadano, para hacer seguimiento a su solicitud, la entidad le ofrece los siguientes canales:**
www.sic.gov.co  ~  Teléfono en Bogotá: 601 592 04 00  ~  Línea gratuita a nivel nacional: 01 8000 910 165
Dirección: Cra. 13 #27 - 00 pisos 1, 3, 4, 5, 6, 7 y 10  ~  Radicaciones: Av. carrera 7 #31A-36, Bogotá D.C.- Colombia
Teléfonos: 601 587 00 00 ~ e-mail: contactenos@sic.gov.co


Nuestro aporte es fundamental,
al usar menos papel contribuimos con
el medio ambiente



**MINISTERIO DE COMERCIO, INDUSTRIA Y TURISMO**
**SUPERINTENDENCIA DE INDUSTRIA Y COMERCIO**
**DELEGATURA PARA ASUNTOS JURISDICCIONALES**

**BOGOTÁ D.C., 22 DE ENERO DE 2024**

**AUTO NÚMERO 3443**

*"Por el cual se decretan medidas cautelares"*

**Proceso por Infracción a Derechos de Propiedad Industrial**
**Radicación: 23-519034**
**Demandante: Telefonaktiebolaget LM Ericsson**
**Demandada: Lenovo (Asia Pacific) Limited**

En cumplimiento de lo dispuesto en el auto que ordenó prestar caución, la sociedad demandante aportó el documento que da cuenta de la constitución de la caución en las condiciones exigidas por el Despacho (consecutivo 9), motivo por el cual se decretará la medida cautelar anunciada en la providencia referida.

Aunado a lo anterior, debe indicarse que las cautelas anunciadas y que serán decretadas en este auto, resultan necesarias para proteger el derecho presuntamente vulnerado al solicitante, ya que impiden la comisión de los actos de infracción como la importación, distribución y comercialización de productos que utilizan la patente de titularidad del accionante; es efectiva por cuanto protege el patrimonio del solicitante ante un eventual fallo favorable a sus intereses; y, resulta proporcional, al apuntar a la protección del derecho en disputa ordenando retirar sólo aquellos productos que presuntamente usan la patente de invención de la demandante para obtener un beneficio indebido al margen de las disposiciones sobre derechos de propiedad industrial que están en discusión.

En mérito de lo expuesto, la Delegatura para Asuntos Jurisdiccionales de la Superintendencia de Industria y Comercio.

**RESUELVE**

**PRIMERO: ADMITIR** la caución prestada por **TELEFONAKTIEBOLAGET LM ERICSSON (Publ).**

**SEGUNDO:** En consecuencia, **DECRETAR** en favor de **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)**, las siguientes medidas cautelares:

(i)  *ORDENAR a LENOVO (ASIA PACIFIC) LIMITED que cese o se abstenga de inmediato de importar a la República de Colombia los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).*

(ii)  *ORDENAR a LENOVO (ASIA PACIFIC) LIMITED que se abstenga de inmediato de ofrecer en venta en Colombia los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 Ultra (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).*

**AUTO NÚMERO 3443 DE 2024   Hoja No. 2**

(iii)   *ORDENAR a LENOVO (ASIA PACIFIC) LIMITED que se abstenga de vender en Colombia los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).*

(iv)   *ORDENAR a LENOVO (ASIA PACIFIC) LIMITED el cese inmediato del uso de cualquier material publicitario que promocione u ofrezca los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1), a través de Internet, plataformas de redes sociales, medios de comunicación masiva, medios de prensa, plataformas electrónicas o cualquier otro medio similar.*

(v)   *ORDENAR a LENOVO (ASIA PACIFIC) LIMITED notificar e informar a supermercados, minoristas, propietarios de plataformas de redes sociales, medios de comunicación masiva y plataformas de comercio electrónico dentro del territorio nacional sobre la existencia del actual procedimiento de medida cautelar preliminar, para que puedan tomar las medidas necesarias para cumplir con las órdenes emitidas por este Despacho.*

**TERCERO: ORDENAR** a la Dirección de Impuestos y Aduanas Nacionales (DIAN) que prohíba la entrada a la República de Colombia de todos los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).

Por **Secretaría** ofíciese de conformidad.

**QUINTO: ADVERTIR** a **LENOVO (ASIA PACIFIC) LIMITED** y a la **DIRECCIÓN DE IMPUESTOS Y ADUANAS NACIONALES (DIAN)**, que deberán cumplir las medidas cautelares decretadas, so pena de la imposición de las sanciones de ley.

Sobre este particular, es pertinente recordar que la desatención de las medidas cautelares cuyo decreto se dispone en esta providencia comportaría el incumplimiento de una orden judicial, que es sancionable, entre otras vías legales, en los términos del numeral 3° del artículo 44 del C.G.P.

Igualmente se deberá tener en cuenta que las órdenes aquí impartidas deberán ser cumplidas bajo los lineamientos dados por el Despacho, aunque se interponga cualquier recurso en contra de la decisión, de conformidad a lo previsto en el artículo 298 del C.G.P.

**AUTO NÚMERO 3443 DE 2024   Hoja No. 3**

---

**SEXTO: ADVERTIR** a **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)** que en el término de cuarenta (40) días anteriores a la fecha de vencimiento de la garantía bancaria, siempre y cuando no se haya decidido el fondo del asunto, deberá acreditar ante el Despacho que la misma fue prorrogada, so pena de levantar inmediatamente las órdenes cautelares decretadas mediante la presente providencia.

**NOTIFÍQUESE Y CÚMPLASE,**

Coordinador del Grupo de Competencia Desleal y Propiedad Industrial,



Firmado digitalmente por: JONATHAN DAVID CARVAJAL RESTREPO
Fecha: 2024.01.22 15:09:36 COT
Razón: Delegatura Asuntos Jurisdiccionales
Ubicación: Bogotá, Colombia

**JONATHAN DAVID CARVAJAL RESTREPO**

---

**Industria y Comercio**
**SUPERINTENDENCIA**

**Delegatura para Asuntos Jurisdiccionales**

**Grupo de Trabajo de Competencia Desleal y Propiedad Industrial**

De conformidad con lo establecido en el art. 295 del C.G.P., el presente auto se notificó por

**Estado No. 007**

**De fecha    23/01/2024**

---

Se recuerda que el presente proceso puede ser gestionado de manera virtual, para lo cual debe consultar el "PROTOCOLO PARA EL TRÁMITE DE PROCESOS DE MANERA VIRTUAL ANTE LA DELEGATURA PARA ASUNTOS JURISDICCIONALES DE LA SUPERINTENDENCIA DE INDUSTRIA Y COMERCIO", al que se puede acceder a través del siguiente enlace: https://www.sic.gov.co/sites/default/files/files/2020/Protocolo%20-%20VF%20-%2016%20de%20diciembre.pdf

DELEGATION FOR JURISDICTIONAL MATTERS UNFAIR
COMPETITION AND INDUSTRIAL PROPERTY GROUP

OFFICIAL LETTER No. 1003 – 022 of 2024

Bogota D.C.

| | |
|---|---|
| **SUPERINTENDENCY OF INDUSTRY AND TRADE** | |
| **LOCATION:** 23-519034- -20-0 | **DATE:** 2024-02-05 22:21:37 |
| **DEPENDENCY:** 1003 COMPETITION WORKING GROUP DL | **EVENT:** 89 ACTION |
| **PROCESS:** 394 CDJ DEMAND | **FOLIOS:** 5 |
| **ACTION:** 733 OFI REQ ENT | |

1003

Gentlemen
**NATIONAL TAX AND CUSTOMS ADDRESS**
notificacionesjudicialesdian@dian.gov.co
BOGOTA D.C.--COLOMBIA

*Process for infringement of Industrial Property Rights*

*Filing:*          *2023-519034*
*Plaintiff:*          *Telefonaktiebolaget LM Ericsson*
*Defendant:*          *Lenovo (Asia Pacific) Limited*

Dear Lords,

In accordance with the provisions of number three of Order No. 3443 dated January twenty-two (22), two thousand twenty-four (2024), where it was ordered to officially notify you so that I know that it prohibits the entry into the Republic of Colombia of all the following products: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).

Sir citizen, to follow up on your request, the entity offers you the following channels:
www.sic.gov.co ~ Phone in Bogota: 601 592 04 00 ~ National toll free: 01 8000 910 165
Address: Cra. 13 #27 - 00 floors 1,3,4,5,6,7 and 10 ~ Locations: Av. carrera 7 #31A-36, Bogotá D.C.- Colombia
Telephones: 601 587 00 00 ~ e-mail: contactenos@sic.gov.co



Our contribution is critical, using less paper contributes to the environment





When responding to compliance with the transcribed order, you must send it to the email address contactenos@sic.gov.co, referring to file 2023-519034, for this purpose a copy of the aforementioned ruling is attached.


Sincerely,


[e-signature]
Digitally signed by
VALDERRAMA RED GRACIELA

**VALDERRAMA RED GRACIELA**
*Ad-Hoc Secretary of the Unfair Competition and Industrial Property Task Force*
Made:Red Grassella
Reviewed: Red skyscraper
Approved: Red skyscraper

Sir citizen, to follow up on your request, the entity offers you the following channels:
www.sic.gov.co ~ Phone in Bogota: 601 592 04 00 ~ National toll free: 01 8000 910 165
Address: Cra. 13 #27 - 00 floors 1,3,4,5,6,7 and 10 ~ Locations: Av. carrera 7 #31A-36, Bogotá D.C.- Colombia
Telephones: 601 587 00 00 ~ e-mail: contactenos@sic.gov.co


Our contribution is critical, using less paper contributes to the environment

REPUBLIC OF COLOMBIA I



## MINISTRY OF TRADE, INDUSTRY AND TOURISM
## SUPERINTENDENCY OF INDUSTRY AND TRADE DELEGATION
## FOR JURISDICTIONAL MATTERS

### BOGOTA D.C., 22 JANUARY 2024

### AUTO NUMBER 3443

*"By which precautionary measures are decreed"*

**Process for Infringement of Industrial Property Rights**
**Filing: 23-519034**
**Plaintiff: Telefonaktiebolaget LM Ericsson**
**Defendant: Lenovo (Asia Pacific) Limited**

In compliance with the provisions of the order that ordered the provision of a bond, the plaintiff company provided the document that accounts for the constitution of the bond under the conditions required by the Office (consecutive 9), which is why the precautionary measure announced in the aforementioned order will be decreed.

In addition to the above, it should be indicated that the precautions announced and that will be decreed in this order, necessary to protect the allegedly infringed right of the applicant, as they prevent the commission of acts of infringement such as import, distribution and marketing of products using the patent owned by the plaintiff; is effective because it protects the applicant's assets from a possible ruling favorable to its interests; and, is proportional, by targeting the protection of the disputed right by ordering to withdraw only those products that are alleged to use the plaintiff's patent of invention to obtain an improper benefit outside of the provisions on industrial property rights under discussion.

On the basis of the foregoing, the Delegation for Jurisdictional Affairs of the Superintendency of Industry and Commerce.

RESOLVE

**FIRST: ADMIT** the surety issued by TELEFONAKTIEBOLAGET LM ERICSSON (Publ).

**SECOND:** Consequently, **DECREE** in favor of **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)**, the following precautionary measures:

(i)     *ORDER LENOVO (ASIA PACIFIC) LIMITED to immediately cease or refrain from importing the following products into the Republic of Colombia: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).*

(ii)    *ORDER LENOVO (ASIA PACIFIC) LIMITED to immediately refrain from offering for sale in Colombia the following products: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).*

AUTO NUMBER 3443 OF 2024Hoja No. 2

(iii)   *ORDER LENOVO (ASIA PACIFIC) LIMITED to refrain from selling in Colombia the following products: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).*

(iv)   *ORDER LENOVO (ASIA PACIFIC) LIMITED to immediately cease the use of any advertising material that promotes or offers the following products: ThinkPhone Motorola (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1) and Motorcycle G200 (Model XT2175-1), via the internet, social media platforms, mass media, press media, electronic platforms or any other similar means.*

(v)   *ORDER LENOVO (ASIA PACIFIC) LIMITED to notify and inform supermarkets, retailers, owners of social media platforms, mass media and e-commerce platforms within the national territory of the existence of the current preliminary precautionary measure procedure, so that they can take the necessary measures to comply with the orders issued by this Office.*

**THIRD: ORDER** the National Tax and Customs Directorate (DIAN) to prohibit the entry into the Republic of Colombia of all the following products: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).

By the **Secretariat**, it is officially approved.

**FIFTH: NOTIFY LENOVO (ASIA PACIFIC) LIMITED and the NATIONAL TAX AND CUSTOMS DIRECTORATE (DIAN),** that they must comply with the injunctive measures decreed, under penalty of imposition of the legal sanctions.

In this regard, it is pertinent to remember that the neglect of the precautionary measures whose decree is provided in this order would entail the breach of a court order, which is punishable, among other legal means, in the terms of section 3 of article 44 of the C.G.P.

It should also be taken into account that the orders given herein must be fulfilled under the guidelines given by the Office, even if any appeal is filed against the decision, in accordance with the provisions of Article 298 of the C.G.P.

**AUTO NUMBER 3443 OF 2024Hoja No. 3**

---

**SIXTH: ADVISE TELEFONAKTIEBOLAGET LM ERICSSON (Publ)** that within forty (40) days prior to the expiration date of the bank guarantee, provided that the merits of the matter have not been decided, it must prove before the Office that it was extended, under penalty of immediately lifting the injunctive orders decreed by this ruling.

**NOTIFY AND COMPLY,**

Unfair Competition and Industrial Property Group Coordinator,

[e-signature]
Digitally signed
by: JONATHAN DAVID CARVAJAL
RESTREPO Date: 2024.01.22
3:09:36 p.m. TOC
Reason: Jurisdictional Affairs Delegation
Location: Bogota, Colombia

**JONATHAN DAVID CARVAJAL RESTREPO**



**Delegation for Jurisdictional Affairs**

**Unfair Competition and Industrial Property Task Force**

In accordance with the provisions of Article 295 of the C.G.P., this order was notified by

**State No. 007**

**Dated 23/01/2024**

Please remember that this process can be managed virtually, for which you should refer to the "PROTOCOL FOR THE PROCESS PROCESSING VIRTUALLY BEFORE THE DELEGATION FOR JURISDICTIONAL MATTERS OF THE SUPERINTENDENCE OF INDUSTRY AND TRADE", which can be accessed through the following link: https://www.sic.gov.co/sites/default/files/files/2020/Protocolo%20-%20VF%20-%2016%20de%20diciembre.pdf



**Industria y Comercio**
**SUPERINTENDENCIA**

*DELEGATURA PARA ASUNTOS JURISDICCIONALES*
*GRUPO DE COMPETENCIA DESLEAL Y PROPIEDAD INDUSTRIAL*

*OFICIO No. 1003 – 021 de 2024*

Bogotá D.C.

1003

| | |
|---|---|
| **SUPERINTENDENCIA DE INDUSTRIA Y COMERCIO** | |
| **RADICACION:** 23-518825- -22-0 | **FECHA:** 2024-02-05 23:11:21 |
| **DEPENDENCIA:** 1003 GRUPO DE TRABAJO DE COMPETENCIA DESL | **EVENTO:** 89 MEDIDACAUTEL |
| **TRAMITE:** 394 CDJ DEMANDA | **FOLIOS:** 4 |
| **ACTUACION:** 733 OFI REQ ENT | |

Señores
**DIRECCION DE IMPUESTOS Y ADUANAS NACIONALES**
notificacionesjudicialesdian@dian.gov.co
BOGOTA D.C.--COLOMBIA

> *Proceso por infracción a Derechos Propiedad Industrial*
> *Radicado:          23-518825*
> *Demandante:     TELEFONAKTIEBOLAGET LM ERICSSON (Publ)*
> *Demandada:      MOTOROLA MOBILITY COLOMBIA S.A.S.*

Respetados Señores

De conformidad con lo ordenado en el numeral tercero del Auto No 145875 de fecha doce (12) de diciembre de dos mil veintitrés (2023), donde se ordenó oficiarle con el fin que sé que prohíba la entrada a la República de Colombia de todos los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).

Al momento de dar respuesta acerca del cumplimiento de la orden transcrita, deberá dirigirlo al correo electrónico contactenos@sic.gov.co, referenciando el radicado 2023-518825, para el efecto se allega copia de la providencia aludida.

Atentamente,

Firmado digitalmente
por GRACIELA ROJAS
VALDERRAMA

**GRACIELA ROJAS VALDERRAMA**
Secretaria Ad-Hoc del Grupo de Trabajo de Competencia Desleal y Propiedad Industrial
Elaboró:Graciela Rojas
Revisó: Graciela Rojas
Aprobó: Graciela Rojas

Señor ciudadano, para hacer seguimiento a su solicitud, la entidad le ofrece los siguientes canales:
www.sic.gov.co ~ Teléfono en Bogotá: 601 592 04 00 ~ Línea gratuita a nivel nacional: 01 8000 910 165
Dirección: Cra. 13 #27 - 00 pisos 1, 3, 4, 5, 6, 7 y 10 ~ Radicaciones: Av. carrera 7 #31A-36, Bogotá D.C.- Colombia
Teléfonos: 601 587 00 00 ~ e-mail: contactenos@sic.gov.co


Nuestro aporte es fundamental, al usar menos papel contribuimos con el medio ambiente

REPÚBLICA DE COLOMBIA



**MINISTERIO DE COMERCIO, INDUSTRIA Y TURISMO**
**SUPERINTENDENCIA DE INDUSTRIA Y COMERCIO**
**DELEGATURA PARA ASUNTOS JURISDICCIONALES**

**BOGOTÁ D.C., 12 DE DICIEMBRE DE 2023**

**AUTO NÚMERO 145875**

*"Por el cual se decretan medidas cautelares"*

**Proceso por Infracción a Derechos de Propiedad Industrial**
**Radicación: 23-518825**
**Demandante: TELEFONAKTIEBOLAGET LM ERICSSON (Publ)**
**Demandada: MOTOROLA MOBILITY COLOMBIA S.A.S.**

En cumplimiento de lo dispuesto en el auto que ordenó prestar caución, la sociedad demandante aportó el documento que da cuenta de la constitución de la caución en las condiciones exigidas por el Despacho (consecutivo 6), motivo por el cual se decretará la medida cautelar anunciada en la providencia referida.

Aunado a lo anterior, debe indicarse que las cautelas anunciadas y que serán decretadas en este auto, resultan necesarias para proteger el derecho presuntamente vulnerado al solicitante, ya que impiden la comisión de los actos de infracción como la importación, distribución y comercialización de productos que utilizan la patente de titularidad del accionante; es efectiva por cuanto protege el patrimonio del solicitante ante un eventual fallo favorable a sus intereses; y, resulta proporcional, al apuntar a la protección del derecho en disputa ordenando retirar sólo aquellos productos que presuntamente usan la patente de invención de la demandante para obtener un beneficio indebido al margen de las disposiciones sobre derechos de propiedad industrial que están en discusión.

En mérito de lo expuesto, la Delegatura para Asuntos Jurisdiccionales de la Superintendencia de Industria y Comercio.

**RESUELVE**

**PRIMERO: ADMITIR** la caución prestada por **TELEFONAKTIEBOLAGET LM ERICSSON (Publ).**

**SEGUNDO:** En consecuencia, **DECRETAR** en favor de **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)**, las siguientes medidas cautelares:

*(i)* *ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. que cese o se abstenga de inmediato de importar a la República de Colombia los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).*

*(ii)* *ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. que se abstenga de inmediato de ofrecer en venta en Colombia los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).*

**AUTO NÚMERO 145875 DE 2023   Hoja No. 2**

    *(iii)    ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. que se abstenga de vender en Colombia los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321- 1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175- 1).*

    *(iv)    ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. el cese inmediato del uso de cualquier material publicitario que promocione u ofrezca los siguientes productos: Motorola ThinkPhone (Modelo XT2309- 2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245- 1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1), a través de Internet, plataformas de redes sociales, medios de comunicación masiva, medios de prensa, plataformas electrónicas o cualquier otro medio similar.*

    *(v)    ORDENAR a MOTOROLA MOBILITY COLOMBIA S.A.S. notificar e informar a supermercados, minoristas, propietarios de plataformas de redes sociales, medios de comunicación masiva y plataformas de comercio electrónico dentro del territorio nacional sobre la existencia del actual procedimiento de medida cautelar preliminar, para que puedan tomar las medidas necesarias para cumplir con las órdenes emitidas por este Despacho.*

**TERCERO: ORDENAR** a la **Dirección de Impuestos y Aduanas Nacionales (DIAN)** que prohíba la entrada a la República de Colombia de todos los siguientes productos: Motorola ThinkPhone (Modelo XT2309-2), Motorola Razr 40 Ultra (Modelo XT2321-1), Motorola Razr 40 (Modelo XT2323-1), Motorola Edge 40 (Modelo XT2303-2), Motorola Edge 30 Ultra (Modelo XT2241-2), Motorola Edge 30 Fusion (Modelo XT2243-1), Motorola Edge 30 Neo (Modelo XT2245-1), Motorola Edge 30 Pro (Modelo XT22101-1) y Moto G200 (Modelo XT2175-1).

Por **Secretaría** ofíciese de conformidad.

**CUARTO: ADVERTIR** a **MOTOROLA MOBILITY COLOMBIA S.A.S.** y a la **DIRECCIÓN DE IMPUESTOS Y ADUANAS NACIONALES (DIAN)**, que deberán cumplir las medidas cautelares decretadas, so pena de la imposición de las sanciones de ley.

Sobre este particular, es pertinente recordar que la desatención de las medidas cautelares cuyo decreto se dispone en esta providencia comportaría el incumplimiento de una orden judicial, que es sancionable, entre otras vías legales, en los términos del numeral 3° del artículo 44 del C.G.P.

Igualmente se deberá tener en cuenta que las órdenes aquí impartidas deberán ser cumplidas bajo los lineamientos dados por el Despacho, aunque se interponga cualquier recurso en contra de la decisión, de conformidad a lo previsto en el artículo 298 del C.G.P.

**AUTO NÚMERO 145875 DE 2023   Hoja No. 3**

**QUINTO: ADVERTIR** a **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)** que en el término de cuarenta (40) días anteriores a la fecha de vencimiento de la garantía bancaria, siempre y cuando no se haya decidido el fondo del asunto, deberá acreditar ante el Despacho que la misma fue prorrogada, so pena de levantar inmediatamente las órdenes cautelares decretadas mediante la presente providencia.

**NOTIFÍQUESE Y CÚMPLASE,**

Coordinador del Grupo de Competencia Desleal y Propiedad Industrial,



Firmado digitalmente por: JONATHAN DAVID CARVAJAL RESTREPO
Fecha: 2023.12.12 17:05:52 COT
Razón: Delegatura Asuntos Jurisdiccionales
Ubicación: Bogotá, Colombia

**JONATHAN DAVID CARVAJAL RESTREPO**

---

**Industria y Comercio**
**SUPERINTENDENCIA**

**Delegatura para Asuntos Jurisdiccionales**

**Grupo de Trabajo de Competencia Desleal y Propiedad Industrial**

De conformidad con lo establecido en el art. 295 del C.G.P., el presente auto se notificó por

**Estado No. 218**

**De fecha    13/12/2023**

---

Se recuerda que el presente proceso puede ser gestionado de manera virtual, para lo cual debe consultar el "PROTOCOLO PARA EL TRÁMITE DE PROCESOS DE MANERA VIRTUAL ANTE LA DELEGATURA PARA ASUNTOS JURISDICCIONALES DE LA SUPERINTENDENCIA DE INDUSTRIA Y COMERCIO", al que se puede acceder a través del siguiente enlace: https://www.sic.gov.co/sites/default/files/files/2020/Protocolo%20-%20VF%20-%2016%20de%20diciembre.pdf



### DELEGATION FOR JURISDICTIONAL MATTERS UNFAIR COMPETITION GROUP AND INDUSTRIAL PROPERTY

### OFFICIAL LETTER No. 1003 – 021 of 2024

Bogota D.C.

1003

| | |
|---|---|
| **SUPERINTENDENCY OF INDUSTRY AND TRADE** | |
| **LOCATION:** 23-518825- -22-0 | **DATE:** 2024-02-05 23:11:21 |
| **DEPENDENCY:** 1003 COMPETITION WORKGROUP | **EVENT:** 89 ACTION |
| **PROCESS:** 394 CDJ DEMAND | **FOLIOS:** 4 |
| **ACTION:** 733 OFI REQ ENT | |

Gentlemen
**NATIONAL TAX AND CUSTOMS ADDRESS**
notificacionesjudicialesdian@dian.gov.co
BOGOTA D.C.--COLOMBIA

> *Process for infringement of Industrial Property Rights*
> *Filing:*        **23-518825**
> *Plaintiff:*     **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)**
> *Defendant:*   **MOTOROLA MOBILITY COLOMBIA S.A.S.**

Dear Lords,

In accordance with the provisions of the third section of Order No. 145875 dated December twelve (12), two thousand twenty-three (2023), where it was ordered to officially act for the purpose that I know prohibits the entry into the Republic of Colombia of all the following products: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).

When responding to compliance with the transcribed order, you must send it to the email address contactenos@sic.gov.co, referring to file 2023-518825, for this purpose a copy of the aforementioned ruling is attached.

Sincerely,
[e-signature]
Digitally signed by GRACIELA REDS VALDERRAMA
**GRACIELA RED VALDERRAMA**
Ad-Hoc Secretary of the Unfair Competition and Industrial Property Task Force
Made:Red Skyscraper
Reviewed: Red skyscraper
Approved: Red skyscraper

Sir citizen, to follow up on your request, the entity offers you the following channels:
www.sic.gov.co ~ Phone in Bogota: 601 592 04 00 ~ National Toll Free: 01 8000 910 165
Address: Cra. 13 #27 - 00 floors 1,3,4,5,6,7 and 10 ~ Filings: Av. carrera 7 #31A-36, Bogotá D.C.- Colombia
Phones: 601 587 00 00 ~ e-mail: contactenos@sic.gov.co



Our contribution is critical, using less paper contributes to the environment

REPUBLIC OF COLOMBIA I



**MINISTRY OF TRADE, INDUSTRY AND TOURISM
SUPERINTENDENCY OF INDUSTRY AND TRADE DELEGATION
FOR JURISDICTIONAL MATTERS**

**BOGOTA D.C., 12 DECEMBER 2023**

**AUTO NUMBER 145875**

*"Where precautionary measures are decreed"*

**Process for Infringement of Industrial Property Rights
Filing: 23-518825
Plaintiff: TELEFONAKTIEBOLAGET LM ERICSSON (Publ)
Defendant: MOTOROLA MOBILITY COLOMBIA S.A.S.**

In compliance with the provisions of the order that ordered the provision of a bond, the plaintiff company provided the document that accounts for the constitution of the bond under the conditions required by the Office (consecutive 6), which is why the precautionary measure announced in the aforementioned order will be decreed.

In addition to the above, it should be indicated that the precautions announced and that will be decreed in this order, necessary to protect the allegedly infringed right of the applicant, as they prevent the commission of acts of infringement such as import, distribution and marketing of products using the patent owned by the plaintiff; is effective because it protects the applicant's assets from a possible ruling favorable to its interests; and, is proportional, by targeting the protection of the disputed right by ordering to withdraw only those products that are alleged to use the plaintiff's patent of invention to obtain an improper benefit outside of the provisions on industrial property rights under discussion.

On the basis of the foregoing, the Delegation for Jurisdictional Affairs of the Superintendency of Industry and Commerce.

### RESOLVE

**FIRST: ADMIT** the surety issued by **TELEFONAKTIEBOLAGET LM ERICSSON (Publ).**

**SECOND:** Consequently, **DECREE** in favor of **TELEFONAKTIEBOLAGET LM ERICSSON (Publ)**, the following precautionary measures:

(i) *ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to cease or immediately refrain from importing the following products into the Republic of Colombia: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).*

(ii) *ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to immediately refrain from offering for sale in Colombia the following products: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).*

**AUTO NUMBER 145875 OF 2023 Page No. 2**

(iii) *ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to refrain from selling the following products in Colombia: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321- 1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175- 1).*

(iv) *ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to immediately cease the use of any advertising material that promotes or offers the following products: ThinkPhone Motorola (Model XT2309- 2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1) and Motorcycle G200 (Model XT2175-1), via the internet, social media platforms, mass media, press media, electronic platforms or any other similar means.*

(v) *ORDER MOTOROLA MOBILITY COLOMBIA S.A.S. to notify and inform supermarkets, retailers, owners of social media platforms, mass media and e-commerce platforms within the national territory of the existence of the current preliminary precautionary measure procedure, so that they can take the necessary measures to comply with the orders issued by this Office.*

**THIRD: ORDER** the **National Tax and Customs Directorate (DIAN)** to prohibit the entry into the Republic of Colombia of all the following products: Motorola ThinkPhone (Model XT2309-2), Motorola Razr 40 Ultra (Model XT2321-1), Motorola Razr 40 (Model XT2323-1), Motorola Edge 40 (Model XT2303-2), Motorola Edge 30 Ultra (Model XT2241-2), Motorola Edge 30 Fusion (Model XT2243-1), Motorola Edge 30 Neo (Model XT2245-1), Motorola Edge 30 Pro (Model XT22101-1), and Moto G200 (Model XT2175-1).

By the **Secretariat**, it is officially requested accordingly.

**FOURTH: NOTIFY MOTOROLA MOBILITY COLOMBIA S.A.S.** and the **DIRECTORATE OF NATIONAL TAXES AND CUSTOMS (DIAN)**, that they must comply with the injunctive measures decreed, under penalty of imposition of the legal sanctions.

In this regard, it is pertinent to remember that the neglect of the precautionary measures whose decree is provided for in this order would entail the breach of a court order, which is punishable, among other legal means, in the terms of section 3 of article 44 of the C.G.P.

It should also be taken into account that the orders given herein must be fulfilled under the guidelines given by the Office, even if any appeal is filed against the decision, in accordance with the provisions of Article 298 of the C.G.P.

**AUTO NUMBER 145875 OF 2023 Page No. 3**

---

**FIFTH: ADVISE TELEFONAKTIEBOLAGET LM ERICSSON (Publ)** that within forty (40) days prior to the expiration date of the bank guarantee, provided that the merits of the matter have not been decided, it must prove before the Office that it was extended, under penalty of immediately lifting the injunctive orders decreed by this order.

**NOTIFY AND COMPLY,**

Unfair Competition and Industrial Property Group Coordinator,

> [e-signature]
> Digitally signed
> by: JONATHAN DAVID
> CARVAJAL RESTREPO Date:
> 2023.12.12
> 5:05:52 p.m. TOC
> Reason: Jurisdictional Affairs
> Delegation Location: Bogota,
> Colombia

**JONATHAN DAVID CARVAJAL RESTREPO**



**Industry and Commerce**
SUPERINTENDENCE

**Delegation for Jurisdictional Affairs**

**Unfair Competition and Industrial Property Working Group**

In accordance with the provisions of Article 295 of the C.G.P., this order was notified by

**State No. 218**

**Dated 13/12/2023**

It is recalled that this process can be managed virtually, for which you should consult the "PROTOCOL FOR THE PROCESSING OF PROCESSES VIRTUALLY BEFORE THE DELEGATION FOR JURISDICTIONAL MATTERS OF THE SUPERINTENDENCE OF INDUSTRY AND TRADE", which can be accessed through the following link: https://www.sic.gov.co/sites/default/files/files/2020/Protocolo%20-%20VF%20-%2016%20de%20diciembre.pdf