No. 2024-1515

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

TELEFONAKTIEBOLAGET LM ERICSSON,
*Plaintiff/Counterclaim Defendant-Appellee,*

ERICSSON AB, ERICSSON, INC.,
*Counterclaim Defendants-Appellees,*

v.

LENOVO (UNITED STATES) INC., MOTOROLA MOBILITY INC.,
*Defendants/Counter-Claimants-Appellants,*

LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO BEIJING, LTD., LENOVO GROUP LIMITED, MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATIONS, CO., LTD.,
*Defendants.*

Appeal from the United States District Court for the Eastern District of North Carolina, No. 5:23-cv-00569, Judge Terrence W. Boyle

## REPLY IN SUPPORT OF APPELLANTS' MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT

| | |
|---|---|
| Leslie Schmidt<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4800 | John C. O'Quinn<br>Jason M. Wilcox<br>William H. Burgess<br>Diva Hollis<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>(202) 389-5000 |
| | *Counsel for Appellants* |

March 14, 2024

# **CONTENTS**

REPLY ............................................................................................................. 1

    1.    Lenovo's Proposed Schedule Places the Burden of Expedition Entirely on Lenovo, Does Not Prejudice Ericsson, and is Consistent With this Court's Practice. ........ 4

    2.    Ericsson is Exerting Improper Pressure on Lenovo to Accept *Supra-FRAND* Rates, Which Adversely Impacts Lenovo and Interferes with the Court's Ability to Decide This Case. ............................................................................................... 6

    3.    Lenovo has Presented a Substantial Question for Appeal. ................................................................................................ 8

    4.    Ericsson's Remaining Objections are Unsound. .................... 10

CONCLUSION ............................................................................................. 13

# REPLY

Lenovo's motion should have been unopposed. Lenovo proposes to shorten its own deadlines drastically, without shortening Ericsson's at all. The only relief that even affects Ericsson are Lenovo's requests for no briefing extensions and for prompt oral argument. That is how expedited appeals generally work, and is what this Court consistently orders in similar cases—especially where the movant is enjoined and shows that time is of the essence. Ericsson does not dispute that it is engaged in a broad campaign to pressure Lenovo with foreign injunctions unless and until Lenovo complies with Ericsson's license demands, and that those tactics threaten to render this case moot.

A reasonable litigant in Ericsson's position would either consent to Lenovo's motion to expedite, or (if it had any basis to do so), explain how the requested relief would prejudice it. Ericsson does neither. Instead, Ericsson' twenty-three-page opposition focuses almost entirely on a rhetoric-laced assertion of Ericsson's ultimate position on the merits. Ericsson does not dispute the ongoing harm to Lenovo from delay. It simply wants that harm to continue—so much so that Ericsson even opposes prompt oral argument. Ericsson's approach to a modest

1

scheduling motion demonstrates that Ericsson seeks delay for tactical advantage at every turn, including in this Court. And it does so even while it seeks expedited injunctions and penalties against Lenovo in courts around the globe. Ericsson's purpose is to keep Lenovo under settlement pressure by way of secret, *ex parte* injunctions strategically obtained around the world, so that Lenovo submits to Ericsson's demands before this Court can review the decision below. Not only does Ericsson not dispute that assessment, it practically boasts that if Lenovo submits to *supra*-FRAND licensing terms, that will simply be Lenovo's "business decision." (Opp. 15).

Ericsson's discussion of the merits is unsound and irrelevant to this motion. Ericsson accuses Lenovo of presenting a "Twilight Zone version of the facts," (Opp. 13), but it is Ericsson's opposition that relies on imagination. Ericsson's misstatements begin on the first page. Lenovo has *not* been infringing Ericsson's patented technology "for over a decade." (Opp. 1). Before the parties even began negotiations for a 5G SEP *cross-license*, Ericsson demanded royalties for products for which Ericsson had already licensed its patents to Motorola Mobility. (Dist. Ct. Dkt. 29, Lenovo Counterclaim, ¶ 33). The timing Ericsson emphasizes,

moreover, concerns the parties' inability to agree on a *cross-license*. Thus, for whatever time Ericsson claims Lenovo has been operating without a license to its SEPs, Ericsson has likewise been operating without a license to Lenovo's SEPs. The "decade" claim that appears on nearly every third page is another of Ericsson's misleading talking points.

Ericsson defends the propriety of its foreign exclusion orders at length while accusing Lenovo of "barely mention[ing] the merits." (Opp. 18). The merits are for the merits panel, not for deciding briefing schedules. Ericsson's claim that Lenovo's appeal is not "substantial" is baseless in any event. Lenovo's motion cites precedent that is identical in all material respects to this case, where courts either affirmed or issued anti-suit injunctions like what Lenovo seeks here. Ericsson predictably disagrees that Lenovo should receive an antisuit injunction, but that is an argument for the merits panel, not a reason to delay briefing and argument.

Finally, Ericsson's opposition even to scheduling oral argument promptly confirms that Ericsson seeks delay for delay's sake. It accuses Lenovo of "cut[ting] to the front of the line," (Opp. 14), but that is just a pejorative label for a motion to expedite. Ericsson does not suggest that

*it* would suffer prejudice from prompt oral argument; it simply wants delay. Ericsson created this urgency by seeking expedited, preliminary relief in multiple foreign jurisdictions—which it continues to do while opposing Lenovo's attempts to seek relief here. If anything, Ericsson's opposition confirms the merit of Lenovo's motion to expedite. Lenovo's motion should be granted.

**1.     Lenovo's Proposed Schedule Places the Burden of Expedition Entirely on Lenovo, Does Not Prejudice Ericsson, and is Consistent With this Court's Practice.**

Lenovo's requested relief is consistent with this Court's practice. The Court's Practice Notes to Rule 27 explain that a motion to expedite "is appropriate where the normal briefing and disposition schedule may adversely affect one of the parties, *as in appeals involving preliminary or permanent injunctions* or government contract bid protests." (emphasis added). This is Lenovo's appeal from the denial of an antisuit injunction. Lenovo sought the injunction to obtain relief from the slew of foreign injunctions Ericsson was piling up against Lenovo, which threaten to moot this case by forcing a settlement—exactly Ericsson's goal. This Court has granted similar motions to expedite in similar appeals involving injunctions. *Dexcom, Inc., v. Abbott Diabetes Care, Inc.*, No. 23-

1795, Dkt. 15 (May 23, 2023) (appeal from denial of antisuit injunction against IPRs); *Ericsson Inc. v. Samsung Electronics Co., Ltd.*, No. 21-1565, Dkt. 14 (Feb. 12, 2021) (appeal from grant of anti-antisuit injunction against proceedings in China).

Mindful of the relief the Court granted in those cases, Lenovo's motion proposes to shorten *only Lenovo's* deadlines, but not Ericsson's. In *DexCom* and *Samsung*, the Court denied only the portion of the motions that sought to shorten the non-movant/appellee's deadline. The Court gave the appellee its full 40 days under the rules, rather than the 31 days appellant DexCom requested (No. 23-1795, Dkt. 6, at 7-8), or the 28 days appellant Samsung requested (No. 21-1565, Dkt. 4, at 1). But the Court otherwise granted the motions in full, including ordering prompt oral argument and no extensions to the briefing schedule. *DexCom* Order, No. 23-1795, Dkt. 15 ("the case shall be calendared for oral argument in September 2023. No extensions will be granted."); *Samsung* Order, No. 21-1565, Dkt. 14 ("The appeal will be placed on the June 2021 oral argument calendar. No extensions of time should be anticipated.").

Ericsson offers no reason for a different result here. Its lengthy discourse on the merits in its scheduling opposition confirms that it will have ample time to prepare its merits brief.

2. **Ericsson is Exerting Improper Pressure on Lenovo to Accept *Supra-FRAND* Rates, Which Adversely Impacts Lenovo and Interferes with the Court's Ability to Decide This Case.**

Ericsson does not dispute that it is filing and enforcing secret, *ex parte* injunctions around the world to pressure Lenovo into buckling under the threat of exclusion from key markets and accepting Ericsson's "program rate." That is reason enough to expedite this appeal. Ericsson's opposition contends only that its tactics are legitimate. (Opp. 14-16). Whatever the merit of those arguments, they are irrelevant to the briefing schedule. The Court need not consider them to grant Lenovo's motion.

And to be clear, Ericsson's arguments have no merit. Ericsson should not be heard to minimize the impact of its foreign injunctions on Lenovo's global business and, in turn, the district court's ability to properly decide the contractual FRAND issues in this case. A worldwide pressure campaign of foreign injunctions does not amount to run-of-the-mill settlement considerations, and Ericsson's goal of forcing Lenovo to

settle before a court can adjudicate the parties' FRAND claims is not a mere "business" result. (Opp. 15). Rather, they are Ericsson's cudgel in a well-known strategy to "induce" an implementer "to agree to a license at a higher-than-RAND-rate." *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1046 (9th Cir. 2015). Such schemes are familiar to agencies like the FTC, which has expressed concern that a SEP holder may use "injunctive relief as 'undue leverage in negotiations' to obtain compensation in excess of the actual value of the patented technology." FTC Amicus Br, *Apple Inc. v. Motorola, Inc.*, Fed. Cir. No. 12-1548, 2012 WL 6655899, at *3 (filed Dec. 14, 2012). Ericsson has obtained just such "undue leverage" here, through foreign injunctions that undisputedly hamstring a substantial percentage of Lenovo's mobile phone business. (Lenovo Mot. 6). But for Ericsson, that's a feature, not a bug.

As numerous courts have recognized in indistinguishable circumstances, tactics like Ericsson's are inconsistent with its FRAND obligations, threaten the integrity of judicial proceedings on those contractual FRAND obligations, and provide good reason to issue an antisuit injunction. *E.g.*, *Microsoft Corp v. Motorola, Inc.*, 696 F.3d 872, 885-86 (9th Cir. 2012) (foreign patent injunctions "compromis[e] the

court's ability to reach a just result in the case before it free of external pressure on [the implementer] to enter into a 'holdup' settlement before the litigation is complete."); *Huawei Techs., Co. v. Samsung Elecs. Co.*, 2018 WL 1784065, at *10 (N.D. Cal. Apr. 13, 2018).

Ericsson's assertions about its foreign litigation campaign only confirm that a normal briefing and argument schedule will "adversely affect" Lenovo. Fed. Cir. Practice Notes to R. 27.

### 3. Lenovo has Presented a Substantial Question for Appeal.

Ericsson is also wrong to contend that Lenovo is silent on the merits. Lenovo's motion states clearly that the district court's order is irreconcilable with at least *Microsoft v. Motorola* and *Huawei Technologies v. Samsung Electronics*, which both affirmed or issued antisuit injunctions against parties like Ericsson who held FRAND-encumbered SEPs but nonetheless pursued harassing foreign injunctions under the guise of infringement. Ericsson's efforts to distinguish those cases belong in its red brief for the merits panel, not an opposition to a routine scheduling motion. They also fall well short of demonstrating that this appeal is insubstantial.

Nor is Lenovo relying on a supposed "per se" rule (Opp. 20) to bar the holder of FRAND-encumbered SEPs from seeking injunctions, as Ericsson. *Microsoft* nowhere suggested a per se rule. It affirmed the district court's decision that a SEP holder seeking foreign injunctions while the contractual FRAND commitments are already being litigated before a U.S. court constitutes "a procedural maneuver designed to harass [the counterparty] with the threat of an injunction removing its products from a significant [] market and so to interfere with the court's ability to decide the contractual questions already properly before it." *Microsoft*, 696 F.3d at 886. *Huawei* acknowledged it "may be true" that there is no per se rule against injunctions on SEPs. 2018 WL 1784065, at *10. It explained that such injunctions nonetheless "undermine" the "ability" of the court adjudicating the contractual dispute "to determine the propriety of injunctive relief in the first instance." *Huawei Techs., Co.*, 2018 WL 1784065, at *10. Neither court considered injunctions for FRAND-encumbered SEPs as an all-or-nothing proposition.

Finally, Lenovo does not seek to prevent the foreign suits from proceeding in parallel with the U.S. litigation. Lenovo seeks to limit only Ericsson's ability to request and enforce *injunctions* based on its SEPs,

9

and only while court proceedings to resolve the contractual FRAND claims remain pending. To Ericsson's apparent frustration, that is one of the several reasons why an antisuit injunction is appropriate here: it would still leave Ericsson free to litigate the merits of its foreign patent claims (and thus is no broader than necessary). *See Microsoft*, 696 F.3d at 887. Instead, Lenovo wants only to prevent the enforcement of injunctions—such as the *ex parte*, snap injunctions Ericsson has obtained—that impact a substantial portion of Lenovo's worldwide operations while Ericsson's right to even seek such relief here is in active dispute in the U.S. courts.

## 4. Ericsson's Remaining Objections are Unsound.

Ericsson's remaining objections further confirm that it seeks delay for tactical advantage. Its cries of "cut[ting] to the front of the line on appeal" and "prejudice [to] other litigants waiting ahead of it in the oral argument queue" (Opp. 14) are simply Ericsson's rhetoric disparaging expedited appeals in general. In provisions like 28 U.S.C. §1292(a)(1), Congress recognized that orders affecting injunctions differ from other interlocutory orders that are otherwise subject to the final-judgment rule. FRAP 2, FRAP 27, this Court's Rule 27(c) and Practice Notes, and

numerous orders confirm the appropriateness of expedited briefing and argument in cases like this. Again, under Lenovo's proposed schedule, Ericsson will receive its full time under the rules to prepare its brief. Ericsson does not even suggest that it will suffer prejudice from prompt oral argument. Ericsson's feigned concern for "other litigants" is disingenuous. As Ericsson well knows, the longer it can keep Lenovo in the chokehold of its foreign injunctions, the more likely Lenovo is to submit, and the less likely it will be that Ericsson ever has to submit to a court's jurisdiction to enforce Ericsson's FRAND pledge. When it suits Ericsson's interest elsewhere—such as the injunctions it has sought abroad—Ericsson has been more than willing to expedite its claims without regard to any "queue" of other litigants. Ericsson should not be permitted to use a queue of other cases to its advantage here.

Ericsson also criticizes Lenovo for seeking injunctions. (Opp. 21). But Lenovo's injunctions have been purely defensive and responsive to Ericsson's injunctions, and Lenovo has at all times been clear that it will drop its injunction requests if Ericsson does the same. Ericsson has consistently refused.

Ericsson's suggestion that an expedited schedule will "deprive this Court of a full record" (Opp. 22-23) is a poorly-disguised plea for more delay—*so that Ericsson can pursue its foreign pressure tactics further.* The district court's appealed order was based on full briefing. Ericsson points to nothing missing from the current record that limits the Court's ability to review that order, nor that will change based on whether this appeal is expedited or not.

Finally, Ericsson fashions its own standard for expedited appeals that resembles the standard for an injunction pending appeal. Ericsson suggests Lenovo must demonstrate irreparable harm (Opp. 14), and something akin to likely success on the merits (Opp. 18). As explained, Lenovo *has* shown the likely irreparable harm from Ericsson's injunctions and has a substantial argument that the ruling below is wrong. And neither of those things is necessary for the Court to grant Lenovo's scheduling motion. Lenovo is not asking the Court to enjoin Ericsson before any briefs are filed; it asks only for a modestly-expedited briefing schedule and oral argument so that this Court can consider the merits of the appeal before Ericsson's pressure tactics threaten to render

them moot. Ericsson's attempt to move the goalposts further shows that it seeks delay for delay's sake.

## CONCLUSION

This case is well within the category of appeals the court has expedited in the past, the schedule Lenovo proposes works no prejudice to Ericsson, and the appeal presents a substantial issue supported by on-point precedent. Lenovo's motion should be granted.

March 14, 2024

Leslie Schmidt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Respectfully submitted,

*/s/ John C. O'Quinn*

John C. O'Quinn
Jason M. Wilcox
William Burgess
Diva R. Hollis
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, DC 20004
(202) 389-5000

*Counsel for Appellants*

# CERTIFICATE OF COMPLIANCE
# WITH TYPE-VOLUME LIMITATIONS

This reply complies with the type-volume limitations of the Federal Rules of Appellate Procedure and the Rules of this Court. The reply contains 2393 words.

/s/ *John C. O'Quinn*