NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TELEFONAKTIEBOLAGET LM ERICSSON,**
*Plaintiff/Counterclaim Defendant-Appellee*

**ERICSSON AB, ERICSSON, INC.,**
*Counterclaim Defendants-Appellees*

**v.**

**LENOVO (UNITED STATES), INC., MOTOROLA MOBILITY LLC,**
*Defendants/Counter-Claimants-Appellants*

**LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO BEIJING, LTD., LENOVO GROUP LIMITED, MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION CO., LTD.,**
*Defendants*

---

2024-1515

---

Appeal from the United States District Court for the Eastern District of North Carolina in No. 5:23-cv-00569-BO-RJ, Judge Terrence William Boyle.

---

**ON MOTION**

---

Before LINN, *Circuit Judge*.

**O R D E R**

Appellants move unopposed to waive the requirements of Federal Circuit Rule 25.1(d)(1) to redact from their opening brief a total of 34 unique words pertaining to the parties' confidential licensing agreements, financial information, and foreign court proceedings, all of which "was filed under seal in the district court," and includes "information that foreign courts have deemed confidential." ECF No. 23 at 2, 3.

There is a strong presumption in favor of public access to appellate court proceedings. *See In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011). A party seeking to mark more than 15 unique words must "establish why the additional markings are appropriate and necessary pursuant to a statute, administrative regulation, or court rule," Fed. Cir. R. 25.1(d)(3)(A). "All motions should explain in detail the propriety of confidentiality and provide reasons and/or legal citations for each source of information sought to be marked as confidential." *Id.*

Appellants have made a sufficient showing to mark the parties' confidential financial and licensing information at pages 7, 14, 49 and 52 of the opening brief. Appellants have not, however, made a sufficient showing with respect to the statements on pages 13 and 14 concerning "details of proceedings in Brazil" that "foreign courts have deemed confidential," ECF No. 23 at 2, 3. Appellants' mere assertion that the information had been treated as confidential in other proceedings is not sufficient under Rule 25.1(d)(3)(A) to warrant additional redactions without explanation "in detail" of "the propriety of confidentiality" or "reasons and/or legal citations for each source of information sought to be marked as confidential." Fed. Cir. R. 25.1(d)(3)(A).

Accordingly,

IT IS ORDERED THAT:

The motion is denied without prejudice to appellants filing corrected briefs consistent with this order or a new motion within seven days of the date of entry of this order. Any renewed request shall "explain in detail the propriety of confidentiality and provide reasons and/or legal citations for each source of information sought to be marked as confidential," Fed. Cir. R. 25.1(d)(3)(A), including the material specifically cited in this order.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 9, 2024
Date