No. 24-1515

# United States Court of Appeals for the Federal Circuit

TELEFONAKTIEBOLAGET LM ERICSSON,
*Plaintiff/Counterclaim Defendant-Appellee*

ERICSSON AB, ERICSSON, INC.,
*Counterclaim Defendants-Appellees*
v.
LENOVO (UNITED STATES), INC.
*Defendants/Counter-Claimants-Appellants*

LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO BEIJING, LTD., LENOVO GROUP LIMITED, MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION CO., LTD.,
*DEFENDANTS*

*On Appeal From The United States District Court For The Eastern District of North Carolina Western Division*
*No. 5:23-CV-00569-BO*
*Judge Terrance W. Boyle*

**CORRECTED BRIEF OF AMICUS CURIAE ACT | THE APP ASSOCIATION IN SUPPORT OF APPELLANT MOTION FOR AN ANTI-SUIT INJUNCTION**

BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW (Ste 501)
Washington, DC 20004
bscarpelli@actonline.org
(517) 507-1446
Counsel for *Amici Curiae*

March 29, 2024

## CERTIFICATE OF INTEREST

Counsel for *amicus curiae* ACT | The App Association certifies the following:

1. **A*micus curiae* on whose behalf the brief is filed:** ACT | The App Association.

2. **The names of any real parties in interest:** Not applicable.

3. **Any parent corporation or any publicly held corporation that owns 10% or more of stock in ACT | The App Association:** None.

4. **Every law office and attorney that has appeared, or will appear, on behalf of ACT | The App Association:** None.

5. **The title and number of any case that is pending that will "directly affect or be directly affected by" this Court's decision in the appeal being briefed:** ACT | The App Association defers to the first-hand knowledge of the parties to the appeal on this question.

6. **Any information required under Federal Rule of Appellate Procedure 26.1(b) (organizational victims in criminal cases) or 26.1(c) (debtors or trustees in bankruptcy cases):** None.

Dated: March 29, 2024

/s/ Brian Scarpelli

BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130

# TABLE OF CONTENTS

Page

**CERTIFICATE OF INTEREST** .......... i

**TABLE OF AUTHORITIES** .......... iii

**INTEREST OF AMICUS CURIAE** .......... 1

**SUMMARY OF THE ARGUMENT** .......... 2

**ARGUMENT** .......... 3

**I. SEP LICENSING ABUSES IMPACT SMALL BUSINESSES THAT DEPEND ON A STRONG AND PREDICTABLE PATENT SYSTEM** .......... 3

**II. THE OWNER OF A FRAND-COMMITTED SEP SHOULD BE PREVENTED FROM SEEKING INJUNCTIVE RELIEF FROM A FOREIGN COURT WHILE A UNITED STATES DISTRICT COURT IS DETERMINING THEIR COMPLIANCE WITH THE VOLUNTARY FRAND COMMITMENT** .......... 4

- **A. Jurisdictions That Award Global FRAND Licenses On Pain of National Injunction Disrupt The Territoriality Principle of Patents** .......... 4
- **B. Jurisdictions That Lack A Proportionality Assessment Between A Patent Holder's Rights and Injunctive Relief Conflict with United States Jurisprudence** .......... 7

**III. A UNITED STATES DISTRICT COURT WITH JURISDICTION OVER A GLOBAL FRAND DISPUTE SHOULD ISSUE AN ANTI-SUIT INJUNCTION TO PREVENT A SEP HOLDER FROM INTERFERING WITH THE COURT'S JURISDICTION OVER THE MATTER** .......... 10

**CONCLUSION** .......... 12

# TABLE OF AUTHORITIES

**CASES** **PAGES**

**Cases**

Bundesgerichtshof [Federal Court of Justice] 5 May 2020, Case No. KZR 36/17, *Sisvel v Haier*…………………………………………………………....4,5,6,9

Bundesgerichtshof [Federal Court of Justice] 24 November 2020, Case No. KZR 35/17, *Sisvel v Haier*…………………………...……………………...……..4,5,6,9

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)………………………7,8

Gerechtshof Den Haag 2 July 2019, Case No. 200.219.487/01, (*Koninklijke Philips N.V/Wiko SAS)*……………………..............................................................................5

*Huawei Technologies Co. v. ZTE Deutschland GmbH*, Case No. C-170/13(CJEU 2015) …...………………………………………………………………......6,9

*Interdigital Technology Co. v. Lenovo Group Ltd.* [2023] EWHC 126, 539 (Pat) (U.K.)...................................................................................................................3

*Intex Technologies (India) Ltd. v. Telefonaktiebolaget L M Ericsson (Publ)* 2023:DHC:2243-DB (India)………………………………………….........10

Landgericht [Regional Court] 18 Aug. 2020, Case No. 2 O 34/19, *Nokia v. Daimler*……..…………………………………………….................................9

*Microsoft v. Motorola*, 696 F.3d 872 (9th Cir. 2012)……………………………..12

Xiapu Zhushi Huishe, Sai'enbeiji Riben Zhushi Huishe Su OPPO Guangdong Yidong Tongxin Youxian Gongsi, OPPO Guangdong Yidong Tongxin Youxian Gongsi Shenzhen Fen Gongsi (夏普株式会社，赛恩倍吉日本株式会社诉OPPO广东移动通信有限公司，OPPO广东移动通信有限公司深圳分公司), (Sup. People's Ct. Aug. 19, 2021) (China)……………………..……………………...6

*Optis Cellular Technology v. Apple Retail UK* [2023] EWHC 1095 (Ch)……….3,4

*Sanofi-Aventis Deutschland GMBH v. Genentech, Inc.*, 716 F.3d 586, 590 Fed. Cir. 2013) ………………………………………………………………10,11,12

*Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, 2024 U.S. Dist. LEXIS 26060, at *7,*8 (E.D.N.C. Feb. 14, 2024)……………………….8,10,11,12

*Unwired Planet International Ltd v. Huawei Technologies Co. Ltd* [2020] UKSC 37…………………………………………………………………….…..5

**Statutes**

35 U.S.C. §154(a)(1) …….…..………………………………………………7

**Other Authorities**

Brian J. Love et al., *Do Standard-Essential Patent Owners Behave Opportunistically? Evidence from U.S. District Court Dockets*, Am. L. Econ. Rev. (2024)………………........................................................................................8,9

Mark A. Lemley & Carl Shapiro, *Patent Holdup and Royalty Stacking*, 85 Tex. L. Rev. 1991 (2007).….....………………………………………………………7

OFF. OF THE U.S. TRADE REP. 2021 SPECIAL 301 REP. 47 (2021)………….………6

## INTEREST OF AMICI CURIAE[1]

ACT | The App Association ("App Association") is a global policy trade association for the small business technology developer community. Our members are entrepreneurs, innovators, and independent developers within the app ecosystem that engage with verticals across every industry. The value of the ecosystem the App Association represents—which we call the app economy—is approximately $1.8 trillion and is responsible for 6.1 million American jobs, while serving as a key driver of the $8 trillion internet of things (IoT) revolution.[2] Our members lead in developing innovative applications and products across consumer and enterprise use cases, driving the adoption of IoT. The App Association has a strong interest in preserving the jurisdiction of U.S. courts over SEP disputes through anti-suit injunctions.

---

[1] No party or party's counsel authored this brief in whole or in part. No person other than the amicus or its counsel made a monetary contribution to fund the preparation or submission of this brief. This brief is submitted with a motion for leave to file. Lenovo has consented to this filing, while Ericsson has not responded to our request for consent.

[2] ACT | The App Association, State of the App Economy (2022), https://actonline.org/wp-content/uploads/APP-Economy-Report-FINAL.pdf.

## SUMMARY OF ARGUMENT

We argue that: 1) standard essential patent (SEP) licensing abuses impact small businesses that depend on a strong and predictable patent system; 2) the owner of a fair, reasonable, and non-discriminatory (FRAND)-committed SEP should be prevented from seeking injunctive relief from a foreign court while a U.S. district court is determining their compliance with the voluntary FRAND commitment; and 3) A U.S. district court with jurisdiction over a global FRAND dispute should issue an anti-suit injunction (ASI) to prevent a SEP holder from interfering with the court's jurisdiction over the matter.

## ARGUMENT

### I. SEP LICENSING ABUSES IMPACT SMALL BUSINESSES THAT DEPEND ON A STRONG AND PREDICTABLE PATENT SYSTEM

Standard-essential patents (SEPs) are unique from non-essential patents and this distinction is significant in determining the harm that a SEP holder endures from infringement and proportionate remedies to that harm. The goal of establishing technical standards is to provide an efficient and interoperable base for technology developers to create new inventions across multiple market sectors. In most cases, as in this dispute, when the patent holder, known as a SEP holder, contributes their patented technology to a technical standard, they provide a standard setting organization (SSO) with a voluntary commitment to license their SEP on fair, reasonable, and non-discriminatory (FRAND) terms.

Due to a lack of transparency in the SEP licensing process, small businesses are disproportionately harmed when SEP holders use injunctions as leverage during negotiations. *See Interdigital Technology Co. v. Lenovo Group Ltd.* [2023] EWHC 126, 539 (Pat) (U.K.) ("Having considered all the evidence…[t]heir primary effect is discrimination against smaller licensees."); *see Optis Cellular Technology v. Apple Retail UK* [2023] EWHC 1095 (Ch) (U.K.) ("[G]iven the nature of Optis' counterparties to the Optis Comparables – generally small players in the market, with low or at least not massive sales volumes – there is a question whether these licenses properly reflect a FRAND rate for a counterparty like

Apple.”). It is appropriate for U.S. courts to award an anti-suit injunction (ASI) to prohibit these anticompetitive tactics.

## II. THE OWNER OF A FRAND-COMMITTED SEP SHOULD BE PREVENTED FROM SEEKING INJUNCTIVE RELIEF FROM A FOREIGN COURT WHILE A UNITED STATES DISTRICT COURT IS DETERMINING THEIR COMPLIANCE WITH THE VOLUNTARY FRAND COMMITMENT

### A. Jurisdictions That Award Global FRAND Licenses On Pain of National Injunction Disrupt The Territoriality Principle of Patents

Some foreign courts have disregarded international comity laws by setting global FRAND terms for SEP portfolios that include U.S. issued patents, without assessing validity or essentiality. *See* Bundesgerichtshof [Federal Court of Justice] 5 May 2020, Case No. KZR 36/17, *Sisvel v. Haier* (Ger.); *see* Bundesgerichtshof [Federal Court of Justice] 24 November 2020, Case No. KZR 35/17, *Sisvel v. Haier* (Ger.). If the defendant-licensee does not agree to the court-determined FRAND license, these courts have awarded the SEP holder a national injunction. *Id*. The precedent set by such decisions has molded the international standards landscape in two ways: (1) it allows jurisdictions to impose their own FRAND determinations on worldwide SEP licenses, disabling U.S. courts from protecting the interests of their innovators and the U.S. patent system; (2) it encourages certain SEP holders to forum shop to favorable jurisdictions when they

are unable to force unreasonable licensing terms on licensees, despite their FRAND commitment.

By routinely enabling prohibitive orders for FRAND-committed SEPs, foreign courts have distorted the meaning of the FRAND commitment, creating an imbalance that heavily favors SEP holders. Bundesgerichtshof [Federal Court of Justice] 5 May 2020, Case No. KZR 36/17, *Sisvel v. Haier* (Ger.); *see* Bundesgerichtshof [Federal Court of Justice] 24 November 2020, Case No. KZR 35/17, *Sisvel v. Haier* (Ger.); *see* Gerechtshof Den Haag 2 July 2019, Case No. 200.219.487/01, (*Koninklijke Philips N.V/Wiko SAS)* (Neth.). For example, the United Kingdom has approved issuing injunctions against a defendant-licensee unless it agrees to a court-determined license for a global SEP portfolio, even when the portfolio includes foreign patents. *Unwired Planet International Ltd v. Huawei Technologies Co. Ltd* [2020] UKSC 37. German courts have implemented a similar practice without first determining the validity or essentiality of a patent or the merits of the SEP holder's FRAND commitment. *See* Bundesgerichtshof [Federal Court of Justice] 5 May 2020, Case No. KZR 36/17, *Sisvel v. Haier*; *see* Bundesgerichtshof [Federal Court of Justice] 24 November 2020, Case No. KZR 35/17, *Sisvel v. Haier*.

In the first determination of *Sisvel v. Haier*, the German High Court narrowly construed the decision of the Court of Justice of the European Union

(CJEU) in *Huawei v. ZTE* to find that a potential licensee that fails to diligently engage in negotiations with an SEP holder demanding a global licensing agreement or offering terms less favorable than in previous licenses risks losing the FRAND defense. *Id.*; *see Huawei Technologies Co. v. ZTE Deutschland GmbH*, Case No. C-170/13(CJEU 2015). The German High Court approved of issuing a "FRAND injunction," where a defendant-licensee is enjoined unless it agrees to a court-determined license for a global SEP portfolio, which was applied in the court's second determination of *Sisvel v. Haier*. *Id*. Chinese courts also pose a great threat to the global SEP landscape by prolifically issuing anti-suit injunctions to preserve its jurisdiction to dictate global licensing terms on FRAND-committed SEPs. *See* Xiapu Zhushi Huishe, Sai'enbeiji Riben Zhushi Huishe Su OPPO Guangdong Yidong Tongxin Youxian Gongsi, OPPO Guangdong Yidong Tongxin Youxian Gongsi Shenzhen Fen Gongsi (夏普株式会社，赛恩倍吉日本株式会社诉OPPO广东移动通信有限公司，OPPO广东移动通信有限公司深圳分公司), (Sup. People's Ct. Aug. 19, 2021); *See* OFF. OF THE U.S. TRADE REP. 2021 SPECIAL 301 REP. 47 (2021)("[r]ight holders have...expressed strong concerns about the emerging practice in Chinese courts of issuing [ASIs] in [SEP] disputes, reportedly without notice or opportunity to participate in the injunction proceedings for all parties").

These decisions have emboldened SEP holders to systematically abuse their dominant market position as gatekeepers to the use of a technical standard by seeking supra-FRAND terms (a practice known as "hold-up"). *See* Mark A. Lemley & Carl Shapiro, *Patent Holdup and Royalty Stacking*, 85 Tex. L. Rev. 1991 (2007).

### B. Jurisdictions That Lack A Proportionality Assessment Between A Patent Holder's Rights and Injunctive Relief Conflict with United States Jurisprudence

Many foreign jurisdictions lack proportionality considerations for remedies of equity like the United States. To incentivize innovation, a U.S. patent owner has "the right to exclude others from making, using, offering for sale, or selling [their] invention." 35 U.S.C. §154(a)(1). The right to exclude does not presume an absolute right to permanent injunctive relief. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). Rather, the United States Supreme Court has clarified that the United States Patent Act requires that "injunctive relief 'may' issue only 'in accordance with the principles of equity,'" defined by a traditional four-factor test (the "*eBay* test"). *eBay Inc.*, 547 U.S. at 392. Therefore, to receive a permanent injunction for patent infringement in the U.S., "a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy

in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id*. at 391.

The *eBay* test allows U.S. courts to assess significant proportionality factors such as the SEP holder's voluntary FRAND commitment. A proportionality assessment like the *eBay* test considers the imbalance between the inherent market power of a SEP holder in standardized market sectors and necessity for a licensee to conclude a SEP license to continue developing their technology. *Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc., 2024 U.S. Dist. LEXIS 26060*, at *7, *8 (E.D.N.C. Feb. 14, 2024) (citing Clause 6.1 of the European Telecommunications Standards Institute (ETSI) Intellectual Property Rights Policy). In exchange for this commitment, the SEP holder gains access to a wider pool of licensees to receive guaranteed royalties.

The *eBay* test considers if other remedies are available and more adequate than injunctive relief to compensate for injury caused by a potential infringement of a FRAND-committed SEP. The availability of monetary remedies indicates why injunctive relief has never been awarded for FRAND-committed SEPs under the *eBay* test. Parties should seek to negotiate FRAND terms without unfair "hold up" leverage associated with injunctions or other de facto market exclusion processes. *See* Brian J. Love et al., *Do Standard-Essential Patent Owners Behave Opportunistically? Evidence from U.S. District Court Dockets*, Am. L. Econ. Rev.

(2024). Monetary remedies related to the patented invention align with the FRAND commitment to support healthy competition and mitigate market exclusion against a supra-FRAND licensing terms.

Foreign courts that have a consistent practice of determining global FRAND licenses on pain of national injunction do so without considering principles of equity while interfering with the patent issuing jurisdiction's ability to assess its essentiality, validity, or value. For example, German courts have awarded injunctions to SEP holders against licensees without first considering the validity of the patents, and on the basis that the licensee did not sufficiently express its willingness to take a license from the SEP holder. *See* Landgericht [Regional Court] 18 Aug. 2020, Case No. 2 O 34/19, *Nokia v. Daimler*; *see* Bundesgerichtshof [Federal Court of Justice] 5 May 2020, Case No. KZR 36/17, *Sisvel v. Haier*.

The burden that German courts have imposed on licensees to show their "willingness" to accept a SEP holder's offered license on seemingly FRAND terms distorts an important holding from the Court of Justice of the European Union (CJEU) in *Huawei Technologies Co. v. ZTE Deutschland GmbH,* which provided steps that SEP holders must take to enforce an injunction against an alleged infringer. *Huawei Technologies Co. v. ZTE Deutschland GmbH,* Case No. C-170/13(CJEU 2015).

Several jurisdictions are following suit with foreign courts that award injunctions at the preliminary and final stage of litigation. *Intex Technologies (India) Ltd. v. Telefonaktiebolaget L M Ericsson (Publ)* 2023:DHC:2243-DB (India) (the Delhi High held that SEP holders are not prohibited from seeking an injunction from the court at an interim or final stage); *see Telefonaktiebolaget LM Ericsson.*, 2024 U.S. Dist. LEXIS at 14 ("On 13 December 2023, the SIC enjoined Motorola Mobility Colombia to cease marketing, offering for sale, selling, using or importing certain 5G cell phones."); *Id*. ("On 27 November 2023, the Brazilian court entered a preliminary injunction. Lenovo must refrain from implementing the 5G essential patents at issues.").

## III. A UNITED STATES DISTRICT COURT WITH JURISDICTION OVER A GLOBAL FRAND DISPUTE SHOULD ISSUE AN ANTI-SUIT INJUNCTION TO PREVENT A SEP HOLDER FROM INTERFERING WITH THE COURT'S JURISDICTION OVER THE MATTER

Awarding an anti-suit-injunctions (ASI) is proper where a foreign court proceeding filed after a U.S. district court proceeding would interfere with U.S. jurisdiction to resolve a FRAND licensing dispute. An ASI is an interlocutory remedy that courts exercise in international litigation to prohibit a party in litigation from pursuing foreign parallel proceedings. *See Sanofi-Aventis Deutschland GMBH v. Genentech, Inc.*, 716 F.3d 586, 591(Fed. Cir. 2013) ("It is well-settled that U.S. courts have the power to enjoin parties from pursuing

litigation before foreign tribunals”). This court has held that ASIs are not unique to patent law and the law of the regional circuit in which the appeal would otherwise lie applies. *Sanofi-Aventis Deutschland GMBH*, 716 F.3d at 590-1.

In the case, the lower court followed the United States Court of Appeals for the Fourth Circuit determination for whether Appellant should be awarded an ASI based on a three-part test. *Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, 2024 U.S. Dist. LEXIS 26060 (E.D.N.C. Feb. 14, 2024). The first part of the test consists of two threshold requirements: (1) that the parties and issues are the same in both matters and (2) that resolution of the case before the enjoining court is dispositive of the action to be enjoined. *Id*. at 20. If the movant satisfies the threshold requirements, they must prove at least one ASI factor, which include: whether the foreign litigation would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) where the proceedings prejudice other equitable consideration. *Id*. If at least one ASI factor is met, the court assesses what affect the ASI will have on international comity. *Id*. at 21.

Appellant satisfies this test. The parties only need to be substantially similar to be considered the same parties in both matters and the issues only need to be functionally the same such that the result of one action determines the outcome of the other. *Id*. at 23- 5. However, the court did not agree that the issues were

functionally similar because the lower court's FRAND determination would resolve the parallel patent infringement actions in Brazil and Colombia. *Id*. at 24, 28.

We disagree with the lower court's conclusion as to the functional similarity of the issues and believe that this case is dispositive of parallel actions in Brazil and Colombia for similar reasons outlined in *Microsoft v. Motorola*, 696 F.3d 872 (9th Cir. 2012). In *Microsoft*, the United States Court of Appeals for the Ninth Circuit issued an ASI to prevent Motorola from pursuing injunctive relief against Microsoft in Germany after Microsoft filed a breach of contract claim case in the U.S. and agreed to pay a court-determined reasonable and non-discriminatory (RAND) royalty for Motorola's portfolio. Since the U.S. case was first filed and would resolve the parties' entire dispute, the court concluded that "the timing of the filing of the German Action raises concerns of forum shopping and duplicative and vexatious litigation." *Id*. at 880. Accordingly, the court found that "Motorola's actions have frustrated [the district court's] ability to adjudicate issues properly before it." *Id.*

This reasoning should be applied here because Ericsson's use of injunctions to force Appellant to agree with its SEP licensing terms has interrupted the district court's ability to determine if the SEP holder has complied with its voluntary but binding FRAND commitment. Therefore, it is proper for a U.S. district court to

grant an ASI to combat a global SEP landscape that allows SEP holders to access favorable forums for guaranteed injunctions against the interests of U.S. innovators.

## CONCLUSION

The court should reverse and remand the lower court's decision.

Respectfully submitted,

/s/ Brian Scarpelli
BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130

*Counsel for Amici Curiae*

March 29, 2024

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of March 2024, I filed the foregoing with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ Brian Scarpelli
BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130

March 29, 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 29(a)(4)(G) and Circuit Rule 29(b), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and Circuit Rule 32(b).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(f), the brief contains [2598] words.

2. The brief has been prepared in proportionally spaced typeface using Microsoft Office 365 Pro Plus in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ Brian Scarpelli
BRIAN SCARPELLI
ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130

March 29, 2024