

Jeffrey A. Lamken
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2000
F: 202.536.2010
jlamken@mololamken.com
www.mololamken.com

August 13, 2024

VIA CM/ECF

Jarrett B. Perlow
Circuit Executive & Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

    Re:    Corrected Non-Confidential Rule 28(j) Letter re: *Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, No. 24-1515

> **Confidential Material Omitted**
> The material redacted in Exhibits A and B to this letter consists of an order and opinion by a Brazilian appellate court. The Brazilian court has ordered that documents in the Brazilian case be filed under seal.

Dear Mr. Perlow:

    Appellees ("Ericsson") write to apprise the Court of new authority regarding the preliminary injunction issued against Lenovo in Brazil. *See* Ericsson.Br.13-14. On August 7, 2024—with a written opinion on August 8—the Brazilian appellate court affirmed the preliminary injunction. (The decision issued after this Court heard oral arguments.) Translations of the Brazilian appellate-court order (Ex.A) and opinion (Ex.B) are attached.

    The Brazilian appellate-court decision reinforces that Brazilian courts can decide whether and when injunctive relief is available in Brazil for Brazilian patents subject to FRAND commitments, without interference from U.S. courts. Ericsson.Br.38-40. As Ericsson explained, Ericsson sued Lenovo in Brazil only after Lenovo unreasonably delayed licensing negotiations for years, spurned Ericsson's arbitration offer, and responded to Ericsson's U.S. action by suing Ericsson in the U.K. Ericsson.Br.8-13.

    The Brazilian appellate-court decision is the culmination of a process in which

- 2 -

Lenovo was repeatedly heard on its arguments that Ericsson's FRAND commitments preclude injunctive relief. In the Brazilian trial court, Lenovo argued an injunction was unwarranted because Ericsson purportedly "breach[ed]" its "FRAND licensing obligation" and attempted to "coerc[e]" Lenovo into "a license on non-FRAND terms." Appx3109-11, Appx3114 (emphasis omitted). The court was unpersuaded. Ericsson.Br.14; Appx2885-86(¶¶28-30). Lenovo raised those same arguments when appealing the injunction and seeking a stay, urging that Ericsson "breach[ed] its FRAND licensing obligations" and that it was "'unreasonable to prevent the use of a [5G standard-essential] patent.'" Appx3128-29; Appx3136; Appx3145. The Brazilian appellate court acknowledged Lenovo's arguments that "'Ericsson has not'" "'licensed on [FRAND] terms'" and sought to "coerce Lenovo," but was unpersuaded and denied a stay. Appx2480; Appx2485. Now, reviewing the injunction on the merits, the Brazilian appellate court again acknowledged Lenovo's FRAND arguments, but was equally unpersuaded. Ex.B at 8, 26, 30.

Lenovo has been heard at least ***three times*** by Brazilian courts on its theory that Ericsson breached FRAND obligations and, as a result, cannot obtain injunctive relief in Brazil. Each time, Brazilian courts rejected that theory. Lenovo's effort to nullify those decrees through an antisuit injunction—effectively asking U.S. courts to sit in review of foreign courts—should be rejected. Ericsson.Br.29-30, 43-45, 59-62.

Respectfully submitted,

/s/ Jeffrey A. Lamken

Jeffrey A. Lamken
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000
jlamken@mololamken.com

*Counsel for Appellees*

cc: Counsel of record
    via CM/ECF

# IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>*Plaintiff/Counterclaim Defendant-Appellee*,<br><br>ERICSSON AB, ERICSSON, INC.,<br><br>*Counterclaim Defendants-Appellees,*<br><br>v.<br><br>LENOVO (UNITED STATES), INC., MOTOROLA MOBILITY LLC,<br><br>*Defendants/Counter-Claimants-Appellants*,<br><br>LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO BEIJING, LTD., LENOVO GROUP LIMITED, MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION CO., LTD.,<br><br>*Defendants*. | No. 2024-1515 |

**DECLARATION OF JEFFREY A. LAMKEN IN SUPPORT OF APPELLEES' 28(j) LETTER**

I, Jeffrey A. Lamken, hereby declare:

1. I am a partner in the law firm MoloLamken LLP and counsel for Appellees Telefonaktiebolaget LM Ericsson, Ericsson AB, and Ericsson, Inc. ("Appellees"). I am over the age of 18 and have personal knowledge of the matters set forth herein.

1

2. I submit this declaration in support of Appellees' Rule 28(j) letter (the "Letter").

3. On August 7, 2024, the Brazilian appellate court (Judiciary of the State of Rio de Janiero, Eleventh Civil Chamber) issued a Judgment Certification ("Order") affirming the preliminary injunction issued against Lenovo in Brazil. A certified English translation of the Order is attached as Exhibit A.

4. The Brazilian appellate court's Order was followed on August 8, 2024 by a written opinion ("Opinion"). A certified English translation of the Opinion is attached as Exhibit B.

5. At Lenovo's request, the Brazilian court has ordered that documents in the Brazilian case be filed under seal. Accordingly, the Order and Opinion are being submitted to this Court under seal. The limited information about the Opinion and Order included in the Letter does not require confidential treatment.

\* \* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 13, 2024, in Washington, D.C.

/s/ Jeffrey A. Lamken
Jeffrey A. Lamken
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jlamken@mololamken.com

*Counsel for Appellees*

# Exhibit A
# Filed Under Seal



# legaltranslations.biz

**(Division of Nelles Translations)**

3 Grant Square  -  Suite 336  -  Hinsdale, IL 60521  -  630-567-8730

## Certification

This is to certify that the foregoing translation of the document entitled Judgment Certification of ORDINARY Session was made from Portuguese to English from the document by a competent translator well acquainted with both languages, and that, to the best of our knowledge and belief, it is a true and complete rendering into English of the selected text.

Date: August 12, 2024

_____

Donald W. Hanley, CEO

# Exhibit B
# Filed Under Seal



# legaltranslations.biz

**(Division of Nelles Translations)**

3 Grant Square  -  Suite 336  -  Hinsdale, IL 60521  -  630-567-8730

## Certification

This is to certify that the foregoing translation of the document entitled [PT] Appellate level - Decision rejecting L's interlocutory appeal was made from Portuguese to English from the document by a competent translator well acquainted with both languages, and that, to the best of our knowledge and belief, it is a true and complete rendering into English of the selected text.

Date: August 12, 2024

_____

Donald W. Hanley, CEO