# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

John C. O'Quinn, P.C.
To Call Writer Directly:
+1 202 389 5191
john.oquinn@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

August 14, 2024

**Via ECF**

Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit

Re:   ***Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.***, **No. 24-1515, Response to Ericsson's Rule 28(j) Letter (ECF#70/72)**

Dear Mr. Perlow:

    Ericsson's letter (ECF#70/72) cites a Brazilian appellate-court decision, but omits that the decision merely affirms an injunction with no adjudication of the merits, no adjudication of Ericsson's contractual FRAND commitments or the parties' breach allegations, and no adjudication of whether Ericsson's asserted patents are standard-essential in the first place. The decision simply assumes Ericsson owns valid patents and may exclude third parties under section 42 of Brazil's Industrial Property Law. The decision only confirms the need for an anti-suit injunction here. As explained in the appeal briefing, Ericsson is using a campaign of foreign injunctions to circumvent its FRAND obligations, by pressuring Lenovo to take a license at supra-FRAND rates before any court can determine a FRAND rate.

    Tellingly, Ericsson's letter does not quote or describe the cited decision except to state its result. Instead, Ericsson repeats its misleading arguments about Brazilian proceedings, *compare* EricssonLtr.1-2, *with* LenovoReplyBr.23-24 & n.2, 25-28, and about the relief Lenovo seeks, *compare* EricssonLtr.2 ("effectively asking U.S. courts to sit in review of foreign courts"), *with* LenovoReplyBr.15-21.

    Ericsson's letter further confirms, however, that absent an ASI pending resolution of the contractual FRAND dispute (which, again, Ericsson itself initiated in a U.S. court), the FRAND guarantees will be rendered meaningless—SEP holders can use reflexive, pre-adjudicatory injunctions to run roughshod over their commitments and bludgeon submission. That is Ericsson's acknowledged strategy here. *See* Appx2592-2594; *cf. TCL v. Ericsson*, 2016 WL 6562075, at *4 (C.D. Cal. 2016) ("a reasonable fact-finder could reasonably infer that [Ericsson's] campaign of litigation was…to effectively force TCL to actually submit to terms that a reasonable fact finder

## KIRKLAND & ELLIS LLP

Jarrett B. Perlow
August 14, 2024
Page 2

could find were not FRAND."). And that is exactly why the courts in *Microsoft* and *Huawei* found ASIs appropriate and necessary under strikingly similar conditions. *E.g., Microsoft v. Motorola*, 871 F.Supp.2d 1089, 1101 (W.D. Wash. 2012), *aff'd* 696 F.3d at 886; *Huawei v. Samsung*, 2018 WL 1784065, at *10 (N.D. Cal. 2018). This Court should conclude likewise and order entry of an ASI against Ericsson's enforcement of such injunctions forthwith, before Ericsson's violations of its FRAND commitments can harm Lenovo further. *See* LenovoOpeningBr.39-54; LenovoReplyBr.14-32.

                                                         Sincerely,

                                                         /s/

                                                        John C. O'Quinn, P.C.
                                                        *Counsel for Appellants*

cc:       ECF Service List