

Jeffrey A. Lamken
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2000
F: 202.536.2010
jlamken@mololamken.com
www.mololamken.com

August 29, 2024

VIA CM/ECF

Jarrett B. Perlow
Circuit Executive & Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: **Nonconfidential** Response to Lenovo's Rule 28(j) Letter (ECF #76, #77), *Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, No. 24-1515

> **Confidential Material Omitted**
> The material highlighted in the confidential version and redacted in the non-confidential version of this response concerns details of a Brazilian court decision in a case that the Brazilian court, at Lenovo's request, ordered be sealed. The attachments are reports adopted by the Brazilian court that were filed under seal.

Dear Mr. Perlow:

Appellees ("Ericsson") respond to Lenovo's Rule 28(j) letter concerning an August 27 Brazilian court decision.

The August 27 decision was prompted by Lenovo's "[quote from Brazilian decision]" (Op.2) Brazilian courts issued in November 2023, Ericsson.Br.14, and later affirmed, ECF #70. Lenovo's eight-month [description of Brazilian decision] reflects the same behavior that led the U.S. district court to deny antisuit relief: Lenovo's refusal to abide by judicial decisions it does not like. Appx16; Ericsson.Br.29-31, 49.

Lenovo misdescribes the August 27 decision. A neutral, court-appointed [Brazilian procedure] prepared a detailed report "[quote from Brazilian decision]" Lenovo's "[quote from Brazilian decision]" Op.2. Lenovo "[quote from Brazilian decision]," but the [description of Brazilian procedure] Lenovo "[quote from Brazilian decision]." Op.2. The court agreed the

\#                                                                 - 2 -

[quote from and description of Brazilian decision]" and "[quote from Brazilian decision]", Op.2-4, English translations of which are attached. Meanwhile, Brazil's courts heard Lenovo's FRAND-related arguments on Lenovo's unsuccessful appeal from the underlying injunction order. ECF #70.

The August 27 decision affords Lenovo [Brazilian procedure] to comply with an injunction Lenovo has [Brazilian procedure] for eight months. Absent compliance, the decision contemplates "[quote from Brazilian decision]," such as Lenovo [description of Brazilian procedure] with the court, Op.4—[Brazilian procedure] Lenovo would [Brazilian procedure] if it ultimately prevails in Brazilian litigation. *See* Lenovo.Br.15 (urging escrow payments).

Lenovo would have U.S. courts superintend other countries' enforcement, within their own territories, of their own intellectual-property laws—here, laws implicating "[quote from Brazilian decision]." Op.4; Ericsson.Br.61. Lenovo seeks to do so without showing that ETSI's FRAND commitment precludes the Brazilian relief, Ericsson.Br.39-45, or even that Ericsson breached its FRAND obligations, Ericsson.Br.33.

Indeed, although Lenovo belatedly attacked Ericsson's FRAND offer on reply, the Court need only compare Lenovo's (depressed) back-of-the-envelope calculation of what one large licensee supposedly pays, Lenovo.Reply.22, to the roughly $1.50/phone Lenovo undisputedly would pay under Ericsson's offer, Appx3343, to confirm the reasonableness of Ericsson's offer. Lenovo's demand that this Court immediately issue an antisuit injunction—despite those glaring omissions and Lenovo's 16 years of stonewalling, Ericsson.Br.8-12, 54—should be rejected.

Respectfully submitted,

/s/ Jeffrey A. Lamken

MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000
jlamken@mololamken.com

*Counsel for Appellees*

cc:    Counsel of record via CM/ECF#

# Exhibit A
# Filed Under Seal

# Exhibit B
# Filed Under Seal