

Jeffrey A. Lamken
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2000
F: 202.536.2010
jlamken@mololamken.com
www.mololamken.com

September 9, 2024

VIA CM/ECF

Jarrett B. Perlow
Circuit Executive & Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: **Nonconfidential** Response to Lenovo's Rule 28(j) Letter (ECF #80/81), *Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, No. 24-1515

> **Confidential Material Omitted**
> The material highlighted in the confidential version and redacted in the non-confidential version of this response is a quotation from a Brazilian court decision in a case that the Brazilian court, at Lenovo's request, ordered be sealed.

Dear Mr. Perlow:

Appellees ("Ericsson") respond to Lenovo's latest Rule 28(j) letter.

Lenovo previously submitted a Rule 28(j) letter advising that, on August 27, the Brazilian trial court issued an order enforcing the injunction against Lenovo (the injunction issued in November 2023 and was affirmed August 7, 2024). ECF #76/77; *see* ECF #69/70 (Ericsson letter regarding affirmance). Lenovo's previous letter urged that the August 27 enforcement decision supported immediate relief from this Court.

Lenovo's latest Rule 28(j) letter advises that a Brazilian appellate judge stayed the August 27 decision—which moots Lenovo's demand for immediate relief. Contrary to Lenovo's suggestion, the stay is effective pending the appellate panel's *decision on Lenovo's appeal*, not merely its *consideration of the stay*. Stay Order 11. Lenovo thus faces no greater pressure to comply with the Brazilian injunction than it has for the past eight months. *See* ECF #69/70. And by *granting* Lenovo relief from the August 27 decision pending "[quotation from Brazilian decision]

**Confidential Material Omitted**

- 2 -

[quotation from Brazilian decision]," Stay Order 11, the stay order refutes Lenovo's contention that the Brazilian litigation is a one-sided, "*ex parte*" affair lacking due process, *see* Ericsson.Br.14, 60; ECF #69/70.  While Lenovo's complaints about the August 27 decision were baseless, *see* ECF #78/79 (Ericsson response), they are now effectively moot, as the decision is stayed until Lenovo is fully heard on its appeal from that decision.

More fundamentally, the serial Rule 28(j) filings—apprising this Court of incremental developments in Brazil—confirm the wisdom of the usual rule that parallel proceedings should proceed without one country's courts attempting to superintend another country's courts.  Brazilian courts are capable of considering the effect of the French-law ETSI commitment—and of any ruling U.S. courts ultimately make regarding Ericsson's FRAND compliance—on Brazilian patent remedies.  Nothing in the ETSI commitment or international comity supports Lenovo's demand that U.S. courts oversee how foreign courts enforce their own laws within their own territories.  Ericsson.Br.38-45, 53-62.

At a minimum, the ever-evolving record reinforces that, if further consideration of Lenovo's demand for extraordinary antisuit relief were warranted, the district court is best suited to conduct that discretionary inquiry.  Ericsson.Br.62-63.

Respectfully submitted,

/s/ Jeffrey A. Lamken

MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000
jlamken@mololamken.com

*Counsel for Appellees*

cc:   Counsel of record via CM/ECF

**Confidential Material Omitted**